J. L. SIMMONS CO., INC., for the use and benefit of The Hartford Insurance Group *et al.*, Plaintiff-Appellee, *v.* FIRESTONE TIRE & RUBBER CO., Defendant-Appellant and Counterplaintiff-Cross-Appellee (J. L. Simmons Co., Inc., Counterdefendant-Cross-Appellant).

Third District   No. 3—83—0525

Opinion filed July 25, 1984.—Rehearing denied September 5, 1984.

W. Thomas Johnston, of McConnell, Kennedy, Quinn & Johnston, of Peoria, and Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellant.

John E. Cassidy III and David B. Mueller, both of Cassidy & Mueller, Jay H. Janssen, and Jerelyn D. Maher, all of Peoria, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This case was tried before a jury in the circuit court of Peoria County, Illinois. The plaintiff in this case was J.L. Simmons Co., Inc. (Simmons), by an agreement with its employee John Boone, who was injured while installing a beam at the Firestone Tire and Rubber Company (Firestone) plant in Decatur. Firestone is the only defendant. After the complaint was amended to reflect the agreement of the parties plaintiff that Simmons would bring suit in its name, Firestone filed a counterclaim against Simmons for contribution. The jury returned a verdict for $501,000 as total injuries sustained by Boone. The jury found Boone was 33⅓% negligent and that Firestone was 66⅔% negligent on the personal-injury claim and that Firestone was entitled to 50% contribution from Simmons.

The basic dispute between the parties is how the accident happened which caused permanent injury to John Boone's back and necessitated several back operations. John Boone was an industrial carpenter who was employed by Simmons to install a dirt collector at the Firestone plant. At Firestone, slabs of rubber used in the manufacture of tires are packed with a layer of visqueen between each slab. These slabs are fed into a machine in rapid succession by an operator who throws the plastic to the side as he feeds in the slabs 10-12 at a time. Carbon black, a powdery substance used to color the tires, and oil are also used in the manufacturing process. Plaintiff's theory is that a pigment cart used to carry the carbon black transported a piece of visqueen on one of its wheels into the area where John Boone was working. The visqueen was discolored by a combination of carbon black and oil from the floor of the plant and therefore not visible. While walking

backward carrying one end of a 300-pound beam, John Boone slipped on the piece of visqueen and fell backwards. The beam then fell on top of Boone.

Firestone claims that the accident occurred because Simmons failed to supply enough manpower to safely do the job. Firestone's theory is that John Boone twisted his back trying to carry the beam and injured his back.

Firestone has raised numerous issues for our review but primarily argues that it was prejudiced by the alignment of the parties whereby Simmons was named plaintiff and thereafter acted in the dual capacity of plaintiff and counterdefendant with all of the attendant advantages of the dual role. As previously mentioned, the alignment of the parties came about as a result of a settlement agreement of Boone's workers' compensation claim against Simmons. As a result of this agreement Simmons brought suit in its name for the use of John Boone and the Hartford Insurance Group, its compensation insurer.

Clear statutory support exists which allows an employer to bring an action against a third party to recover workers' compensation paid to its employer where the employee's injuries were caused by a third party. Section 5(b) of the Workers' Compensation Act provides in pertinent part:

> "(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act.
>
> * * *
>
> In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act, and costs, attorney's fees and reasonable ex-

penses as may be incurred by such employer in making such collection or in enforcing such liability." Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b).

■ Therefore, we find that the statute allows the employer to institute an action on behalf of its employee. Firestone contends that the statute does not apply because this action was commenced before the three-month period prescribed by statute for bringing such actions. However, the only possible prejudice which could result by an untimely filing of such a claim by an employer is to the employee and not to the third-party tortfeasor, and in this case the employee has consented to have suit brought in his name. Nor do we agree with Firestone that the employer should not have a right to participate in the trial of the suit. Again the possible prejudice resulting from the participation of the employer at trial is to the injured employee, not to the defendant third-party tortfeasor. Firestone relies upon *Sjoberg v. Joseph T. Ryerson & Son, Inc.* (1956), 8 Ill. App. 3d 414, 132 N.E.2d 56, where the appellate court held that an employer had no right to participate in a suit brought by its employee where the employer was joined because of a workers' compensation lien for the proposition that Simmons could not participate in this proceeding. In *Sjoberg* the appellate court stated that the possible prejudice resulting from employer's participation was to the employee. Both because the suit was brought by the employer and because no prejudice resulted to Firestone, we are not persuaded by the reasoning of *Sjoberg*.

■ Firestone has raised several allegations of trial error which it claims resulted from the improper alignment of the parties and prejudiced Firestone's defense of this claim. Firestone first alleges that plaintiff was allowed to cross-examine its own witnesses. Our review of the record indicates that the parties had a considerable discussion outside of the presence of the jury as to the order in which they should proceed in examining plaintiff's witnesses. It is apparent from their discussions that the trial judge considered the plaintiff and counterdefendant the same party with co-counsel and offered to let the plaintiff and counterdefendant examine its witnesses before Firestone cross-examined. This Firestone declined. It is clear that plaintiff Simmons had a right to examine on the counterclaim for contribution as to whether it was jointly liable for the accident. We, therefore, find that the trial court did not err in allowing two examinations. We also point out that trial judges have *considerable latitude in making decisions as to the order of proceedings.* 87 Ill. 2d R. 233.

■ Firestone further argues that the trial court erroneously allowed plaintiff/counterdefendant to make two opening statements and

two closing statements. It is clear from the record that the trial judge considered the personal injury claim a single cause of action. Supreme Court Rule 233 (87 Ill. 2d R. 233) sets out the parties, order of proceeding. Pursuant to the rule the parties are to proceed in the order in which they appear in the pleadings unless "otherwise agreed by all parties or ordered by the court. In consolidated cases, third-party proceedings, and all other cases not otherwise provided for the court shall designate the order." (87 Ill. 2d R. 233.) It is clear from the rule that the court has discretion to control the order of argument and proof and further that the judge had discretion to split opening and closing statements between co-counsel if he felt it was in the best interest of the parties. Therefore, it was not error to allow both counsel for plaintiff-counterdefendant to make opening and closing remarks to the jury nor to allow them to proceed in a different order.

■ Firestone also contends that the plaintiff was improperly allowed to cross-examine Mary Campbell, Firestone's witness, twice. During direct examination Mary Campbell testified that Boone had told her that Simmons sent him on a job that was too big for one man. This statement certainly tended to place fault with Simmons and gave Simmons a right to cross-examine Mary Campbell based upon the contribution claim against it. Therefore, it was not error for Simmons in its representative capacity and as counterdefendant to cross-examine Mary Campbell.

■ Firestone also raises several evidentiary errors which allegedly transpired during the trial. Firestone contends that Boone's statement to Mahon, a Firestone employee who rushed over to help Boone when the beam fell on him, was not an excited utterance and should not have been admitted. We disagree. Mahon's testimony was that he rushed over to help Boone immediately after he slipped. After Mahon had lifted the beam off of Boone 30 seconds to a minute and one-half after the accident, Mahon asked Boone what happened, and Boone replied, "That goddam plastic." Although there was a slight lapse of time between the accident and Boone's remark, timing is not the sole determinative factor. Other factors to be considered include the nature of the event, the condition of the declarant and the presence or absence of self-interest. (E. Cleary & M. Graham, Illinois Evidence sec. 803.3, at 550 (4th ed. 1984).) Boone was clearly in pain following a startling event and had little time or incentive to fabricate. We agree with the trial judge that Boone's statement was properly admitted.

■ Firestone next contends that photographs of the interior of the Firestone plant which Firestone attempted to introduce were improperly excluded. With this we do not agree. The photographs appar-

ently showed the cart on the wheels of which the visqueen was allegedly transported and.the interior of the plant. The floor, however, was free of carbon black and from the record appears to be in a considerably different state than when Boone fell. The trial court found that these photos were likely to mislead the jury even after the change in appearance had been explained to the jury. Furthermore, the arrangement of the objects was apparently favorable to Firestone's theory of the case. Therefore, Firestone failed to show that the photographs accurately portrayed the interior of the plant at the time of the accident, and any probative value these photographs could have had was far outweighed by the prejudice to plaintiff by representing the positioning of objects in a manner favorable to Firestone's theory of the case. See *Levenson v. Lake-to-Lake Dairy* (1979), 76 Ill. App. 3d 526, 394 N.E.2d 1359.

■■ Firestone also contends that the admission of the testimony of Richard Bliss, a vocational counselor with Illinois Job Service, was error. Bliss testified that in his opinion Boone was unemployable as a result of the accident. Firestone argues that Bliss was improperly allowed to testify and that his testimony was improper subject matter for an expert. In *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, the Illinois Supreme Court cast aside the former Illinois rule on experts and adopted Federal Rules of Evidence 702, 703 and 705. The Federal rules are considerably more flexible than the former Illinois rule and basically allow the admission of expert testimony if it will aid the jury in its understanding of the evidence or in determining a fact in issue. (E. Cleary & M. Graham, Illinois Evidence sec. 702.1, at 453 (4th ed. 1984).) Although Boone's employability was not at issue in this case, whether or not Boone was employable certainly pertains to the issue of damages. Furthermore, plaintiff successfully established that Bliss had considerable experience with job-related disabilities and was employed to recommend retraining when an individual was capable of performing another type of job following an injury. Therefore, Bliss's testimony was properly admitted.

■■ Firestone further contends that the admission of Paul Campbell's signed statement was error. Mary Campbell, a family friend of the Boones, took the stand as a Firestone witness and testified as to the telephone conversation she had had with Boone. This was the conversation where Boone allegedly told her that Simmons had sent him on a job too big for one man. On cross-examination, the attorney for Simmons offered a statement signed by Paul Campbell, Mary's husband. The statement was signed and stated that Boone had slipped on visqueen and fallen, which clearly contradicted what Boone had told

Mary. The trial court allowed a portion of Paul Campbell's statement to be read to the jury over Firestone's objection. Paul Campbell's statement was clearly hearsay and was not admissible to impeach Mary because it was not her statement. Therefore, Paul Campbell's statement should have been excluded.

■ Firestone also contends that a statement made by Boone in a deposition wherein he stated that "this all could have been prevented to the bottom line if I could have had another man for a stinking $110" should have been admitted. We agree. This was clearly an admission against Boone's interest, and Boone was obviously a party even though his interests were being represented by Simmons, his employer. Plaintiff cannot now argue that Boone is not a party when throughout the proceedings it has argued that Boone and Simmons represented one interest and that both attorneys represented the plaintiff and the counterdefendant.

■ Firestone also makes several arguments about plaintiff's use of the evidentiary deposition which Firestone took of Dr. Allen, a chiropractor. Firestone contends that plaintiff should not have been allowed to introduce Dr. Allen's deposition into evidence without first asking Firestone if it intended to introduce the deposition because Dr. Allen was Firestone's witness. Firestone claims that plaintiff's failure to do so prejudiced Firestone. In *Dobkowski v. Lowe's, Inc.* (1974), 20 Ill. App. 3d 275, 314 N.E.2d 623, the fifth district considered a similar issue, although not a physician's deposition, and found that the proper procedure for introducing an evidence deposition taken by the opposing party was to ask in open court whether the opposing party intended to introduce the deposition of its witness, and if so, the party attempting to introduce the deposition must refrain from using the deposition until the party whose witness it is has had an opportunity to introduce the deposition. This procedure should have been followed in this case, but failure to do so was harmless error as found by the court in *Dobkowski*.

■ Firestone also argues that the plaintiff exceeded the scope of defendant's direct examination by questioning Dr. Allen as to his findings when he examined Boone. In the deposition Firestone had only questioned Dr. Allen as to Boone's history as revealed to Dr. Allen during his examination. The fact is that "back pain" was mentioned several times during the direct examination of Dr. Allen, but plaintiff's questions as to what Dr. Allen's examination revealed certainly expanded the perimeters of the direct examination of Dr. Allen and did not allow Firestone an opportunity to cross-examine as to what the examination of Boone showed. The proper procedure would have been

for plaintiff to have made Dr. Allen its witness and examined Dr. Allen as to his examination of Boone. However, this again did not constitute reversible error.

Firestone also argues that Illinois Pattern Jury Instructions (IPI), Civil, No. 5.01 (2d ed. 1971) was improperly given. At trial Simmons argued that Firestone failed to produce witnesses to show the conditions at its plant. IPI Civil No. 5.01 states:

"5.01 Failure to Produce Evidence or a Witness

If a party to this case has failed [to produce a witness] within his power to produce, you may infer that the [testimony of the witness] would be adverse to that party if you believe each of the following elements:

1. The [witness] was under the control of the party and could have been produced by the exercise of reasonable diligence.

2. The [witness] was not equally available to an adverse party.

3. A reasonably prudent person under the same or similar circumstances would have [produced the witness] if he believed [the testimony would be] favorable to him.

4. No reasonable excuse for the failure has been shown"

and can be given only when the party seeking to use the instruction has offered evidence that the missing witness was under the other party's control and not as available to it as to the other party. (See *Goshey v. Dunlap* (1973), 16 Ill. App. 3d 29, 305 N.E.2d 648.) In this case the "missing witnesses" were never identified, nor did plaintiff establish that they were unavailable to Simmons although they were said to be employees of Firestone. Furthermore, Firestone cannot be forced to dispute the condition of its plant as this is not at issue in these proceedings. Therefore, the instruction should have been refused, but again, we do not find this reversible error.

None of these evidentiary errors alone constitute reversible error. We have also considered the effect of these errors as a whole upon Firestone's right to a fair trial and find that these errors did not substantially prejudice Firestone.

■■■ Plaintiff had also cross-appealed and contends that the counterclaim for contribution could not be maintained against it. With this we disagree. The recent Illinois Supreme Court decision in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, is dispositive of this issue and allows contribution between an employer and a third-party tortfeasor even though the employee cannot maintain an action directly against its employer. Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*

■■■ Simmons also contends that defendant's instruction No. 20A (a modification of IPI Civil No. 50) was given erroneously. We agree.

Defendant's instruction No. 20A reads as follows:

> "John Boone was the agent of the Counter-defendant, J.L. Simmons Co., at the time of this occurrence. Therefore, any act or omission of the agent at that time was in law the act or omission of the counter defendant, J.L. Simmons Co., Inc."

This instruction asks the jury to attribute Boone's acts to Simmons, which in the context of the contribution claim is clearly contrary to the theory of comparative negligence and to the law of agency. Not only does the instruction penalize Simmons by increasing its liability on the contribution claim, but it effectively decreases Firestone's potential liability. Under the theory of comparative negligence the plaintiff-injured party must account to the defendant for injuries which resulted from his own negligence. As the supreme court stated in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886:

> "the 90% negligent plaintiff will bear 90% of his own damages as well as 90% of defendant's. On the other hand, the 10% negligent defendant will be made to bear 10% of his own damages as well as 10% of plaintiff's." (85 Ill. 2d 1, 25-26.)

By attributing acts to Simmons which have already reduced Firestone's liability allows Firestone to reduce its liability twice for the same acts. Furthermore, this instruction misstates the law of agency. In *Holcomb v. Flavin* (1966), 34 Ill. 2d 558, 216 N.E.2d 811, the Illinois Supreme Court found that where the conduct of an agent for which he is liable gives rise to a derivative exposure on the part of the principal, a settlement by the former mandates the discharge of the latter. Nothing in the instruction limits the jury to a consideration of Simmons' acts alone in deciding the proportion of liability for which Simmons was responsible. Therefore, whether or not the jury found that Simmons was negligent for refusing to supply more manpower to the job is certainly unclear, as it could as easily have found that Boone was responsible and that his acts were attributable to Simmons. The misleading language in defendant's instruction No. 20A considerably prejudiced Simmons by increasing liability and constituted reversible error.

We, therefore, affirm the circuit court of Peoria County on the personal-injury claim but reverse as to Firestone's claim for contribution and remand the contribution claim to the trial court for a new trial on the contribution claim of Firestone against Simmons.

Affirmed in part, reversed in part and remanded for a new trial on the issue of contribution.

BARRY and HEIPLE, JJ., concur.