ALASTAIR REID, Special Adm'r of the Estate of Edna Ruth Reid, Deceased, Plaintiff-Appellant, v. CLAIRE SLEDGE, Defendant-Appellee.

Fifth District   No. 5—90—0521

Opinion filed February 6, 1992.

Paul Thomas Austin, of Marion, for appellant.

Thomas E. Jones and Leslie G. Offergeld, both of Walker & Williams, P.C., of Belleville, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, special administrator of the estate of Edna Ruth Reid, brought an action in the circuit court of Pulaski County against defendant to recover damages for the death of Edna Ruth Reid, which occurred as a result of an automobile accident. The jury returned a verdict for defendant and plaintiff appeals. We affirm.

Plaintiff's decedent, a passenger in an automobile being driven by Dr. Sledge, was killed when the car ran off the road, down an embankment, and struck a tree. According to the testimony of State Trooper Walter Zeske, who investigated the accident, the vehicle left the roadway just south of a sweeping curve, traveled 122 feet, where it struck a utility pole, then traveled another 100 feet, striking a tree. Zeske stated that the car was totally destroyed. He also stated that there were no skid marks or debris on the roadway. Mounds Fire Chief Bill Calvin also testified that the car was severely damaged. He stated that rescue equipment was used to extricate the defendant from the car and that the car was damaged in the process.

Defendant was precluded from testifying by plaintiff's invocation of the Dead Man's Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—201). Two witnesses testified for defendant. Each stated that defendant was a careful and safe driver. Decedent had two children. One was male and the other, although born male, had a sex-change operation and had become a female several years prior to the accident. Decedent was never made aware of this and had not seen her daughter for several years. The evidence also indicated that decedent and her other child were estranged.

On appeal, Reid first argues that the jury's verdict was against the manifest weight of the evidence. Specifically, plaintiff maintains

that the evidence demonstrates that Edna Reid died from injuries sustained in the accident, and that defendant offered no evidence to show that the accident was caused by something other than defendant's negligence. Reid contends that under the circumstances, the burden should be on the defendant to demonstrate that she was not negligent.

In *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758, our supreme court held that the circumstances of an automobile accident were such that an inference of negligence on the part of the defendant was warranted given that defendant offered no other explanation for the accident. In so holding, the court stated that "it was [not] incumbent upon the plaintiff to show what caused the defendant's car to skid to the wrong side of the road, or to prove facts normally within the peculiar knowledge of the defendant." (37 Ill. 2d at 599, 227 N.E.2d at 760.) The court in *Cruse v. Hines* (1981), 92 Ill. App. 3d 884, 416 N.E.2d 710, relied upon *Calvetti* in holding that the burden of production of evidence was properly shifted to the defendant because the facts surrounding the accident were within the peculiar knowledge of the defendant. The facts in *Cruse* are very similar to those in the present case. There, an automobile being driven by the defendant left the road, went onto a guardrail, and struck an abutment. The roadway was straight and the pavement dry. Plaintiff's decedent, a passenger in the auto, was asleep at the time of the accident. The *Cruse* court held that the presence of the defendant's auto off the roadway, and in an area where it should not have been, raised an inference of negligence and that it was incumbent upon the defendant to make a showing that something other than his negligence caused the accident. (92 Ill. App. 3d at 890, 416 N.E.2d at 715.) The facts in the present case likewise give rise to an inference that the accident was the result of defendant's negligence.

The *Cruse* court went on, however, to hold that a directed verdict would not have been proper because "plaintiff's evidence only shifted the burden of production to the defendant. Had the defendant come forward with some evidence of a cause other than his own negligence, then he would have met his burden and the issue would properly have gone to the jury, with the ultimate burden of persuasion on the plaintiff." (*Cruse*, 92 Ill. App. 3d at 890, 416 N.E.2d at 715.) In *Cruse*, the defendant failed to come forward with any evidence to rebut the inference of negligence. In the present case, however, two defense witnesses testified that defendant was a safe and careful driver.

■ In accident cases resulting in death in which there are no eyewitnesses, or where eyewitnesses are precluded from testifying, evi-

dence of careful habits has been held admissible to show due care. Typically, such evidence has been introduced by the plaintiff to demonstrate plaintiff's decedent's freedom from contributory negligence. (See *Frankenthal v. Grand Trunk Western R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530; *Quick v. Nagel* (1980), 85 Ill. App. 3d 342, 406 N.E.2d 835, citing *Gasiorowski v. Homer* (1977), 47 Ill. App. 3d 989, 365 N.E.2d 43.) We believe the same principle should be applied in situations such as the one presented in this case. The circumstantial evidence gives rise to an inference of negligence on defendant's part. Defendant, the only eyewitness, is precluded from testifying by virtue of the Dead Man's Act. Evidence of defendant's safe-driving habits was properly admissible to give her some chance of rebutting the inference of negligence. *Logue v. Williams* (1969), 111 Ill. App. 2d 327, 250 N.E.2d 159.

The introduction of evidence of defendant's safe-driving habits was sufficient to meet her burden of production and create a question of fact for the jury, with the ultimate burden of persuasion remaining with the plaintiff. That plaintiff failed to meet that burden is evident in the jury's verdict for the defendant. Plaintiff contends that this verdict is against the manifest weight of the evidence. A jury verdict is against the manifest weight of the evidence only where, upon viewing the evidence in a light most favorable to the party who prevailed, the opposite conclusion is clearly apparent or the jury's finding is palpably erroneous. (*Rainey v. City of Salem* (1991), 209 Ill. App. 3d 898, 568 N.E.2d 463; *Barr v. Groll* (1991), 208 Ill. App. 3d 318, 567 N.E.2d 13; *Schuchman v. Stackable* (1990), 198 Ill. App. 3d 209, 555 N.E.2d 1012.) In *York v. Stiefel* (1983), 99 Ill. 2d 312, 458 N.E.2d 488, our supreme court held that "[r]eversal of a jury verdict must be supported by evidence which, when viewed most favorably to the party prevailing in the trial court, nevertheless so overwhelmingly favors the appellant that no contrary verdict could stand." 99 Ill. 2d at 321, 458 N.E.2d at 493.

■ In the present case, Zeske gave detailed testimony regarding the accident scene and the damage to the vehicle. He gave no opinion as to the cause of the accident. Bill Calvin also gave testimony regarding the extent of damage to the vehicle. There were no eyewitnesses to the accident, other than defendant, and no expert reconstruction testimony. Two witnesses testified on the defendant's behalf. They indicated that they had been passengers in defendant's vehicle on numerous occasions, that they never observed defendant do anything unsafe, and that they considered her to be a good driver.

Given the paucity of the plaintiff's evidence, we cannot say that upon viewing the evidence in a light most favorable to defendant, the jury's finding was palpably erroneous or that a conclusion opposite to the one they drew was clearly apparent. The weight and credibility accorded a witness' testimony are best determined by the trier of fact who, having observed the witness at trial, is in the best position to make such a determination, and a reviewing court must grant such determinations great deference. (See *Chicago Investment Corp. v. Dolins* (1985), 107 Ill. 2d 120, 481 N.E.2d 712.) In this case, the jury obviously accorded great weight to the testimony of the defense witnesses, and it is not the proper function of this court to substitute our judgment for theirs.

Plaintiff also argues that the jury's verdict with respect to damages was against the manifest weight of the evidence. Having determined that the jury's verdict regarding liability was not against the manifest weight of the evidence, we need not address this argument.

■ Plaintiff next argues that the trial court erred in refusing to admit photographs of the car. Admission of photographs rests with the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. (*Gaunt & Haynes, Inc. v. Moritz Corp.* (1985), 138 Ill. App. 3d 356, 485 N.E.2d 1123.) For a photograph to be admitted, testimony is required to establish that the photograph is a true and correct representation of what it purports to portray. (*Pace v. McClow* (1983), 119 Ill. App. 3d 419, 427, 458 N.E.2d 4, 10, quoting *City of Chicago v. Scandia Books, Inc.* (1981), 102 Ill. App. 3d 292, 299, 430 N.E.2d 14, 19.) Admission requires some foundation to establish that the object depicted was in substantially the same condition as it was at the time of the accident. (*Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 131, 478 N.E.2d 581, 590, citing *Casson v. Nash* (1978), 74 Ill. 2d 164, 171, 384 N.E.2d 365, 368.) In regard to the photographs in question, Trooper Zeske admitted that they were taken sometime after defendant and the decedent were extracted from the vehicle, and he could not say that no changes had been made. Standing alone, this would not present a sufficient foundation. However, changed conditions at the time of taking do not render a photograph inadmissible "if it can be shown by testimony that after the changes are explained, the jury will be able to understand it clearly as a correct representation and not be misled by it." (*Schoolfield v. Witkowski* (1964), 54 Ill. App. 2d 111, 123, 203 N.E.2d 460, 465; see *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 105, 378 N.E.2d 502, 504.) The testimony of Bill Calvin adequately explained any discrepancy. Calvin was one of the first on the scene. He de-

scribed the damage done to the vehicle in extracting defendant and the decedent. While we conclude that the trial court erred in refusing to admit the photographs, we consider the error to be harmless. The purpose of the photographs was to show the jury the extent of the damage to the vehicle, and this was accomplished by the testimony of Zeske and Calvin. We conclude that plaintiff suffered no prejudice as a result of this error.

■ Plaintiff also argues that the trial court erred in refusing his tendered non-IPI (Illinois Pattern Jury Instructions) instruction regarding the presumption that the owner of an automobile is presumed to be driving at the time of the accident. Any potential error from this refusal was harmless. The identity of the driver was never in dispute. The evidence indicated that defendant was pinned in the driver's seat and that decedent was pinned in the passenger's seat. That defendant was driving was the only logical inference, and plaintiff could not have been prejudiced by the court's failure to instruct the jury that as owner of the vehicle, defendant could be presumed to be the driver.

■ Plaintiff next argues that the trial court erred in denying his motion *in limine* to exclude evidence that decedent's son had undergone a sex-change operation. We find this issue to be waived. A motion *in limine* is an interlocutory order and remains subject to reconsideration by the court throughout the trial. (*Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 1040, 522 N.E.2d 1341, 1347.) Even though denied, the movant must nevertheless object to the evidence in question and failure to do so will result in the issue being waived. (*Romanek-Golub*, 168 Ill. App. 3d at 1040, 522 N.E.2d at 1348.) The record in this case reveals that plaintiff did not object to the evidence in question when introduced, and in fact introduced it during his case in chief in an attempt to explain the estrangement between decedent and her daughter. Having failed to raise any objection at trial and having introduced the evidence himself, plaintiff cannot now complain. *Romanek-Golub*, 168 Ill. App. 3d at 1040, 522 N.E.2d at 1348.

■ Finally, plaintiff argues that defense counsel's closing argument was improper and prejudicial. Specifically, plaintiff maintains that certain comments made by defense counsel implied that defendant had valuable evidence to present but was prevented from doing so by plaintiff's invocation of the Dead Man's Act. Such implication was so highly prejudicial, plaintiff maintains, that a new trial is required. We disagree. Having carefully reviewed defense counsel's summation, we find that defense counsel was merely commenting on the trial

court's anticipated instruction regarding the Dead Man's Act. Likewise, we find defense counsel's comments regarding the lack of evidence relating to why the vehicle left the road to be a fair comment on the burden of proof.

For the foregoing reasons, the judgment of the circuit court of Pulaski County is affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.