JANINA KRENGIEL, Plaintiff-Appellant, v. LISSNER CORPORATION, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—91—2379

Opinion filed July 23, 1993.

Marvin A. Brustin, Ltd., of Chicago, for appellant.

Querrey & Harrow, Ltd., of Chicago (Mary T. Nagel and Michael Resis, of counsel), for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff instituted this action seeking damages for personal injuries allegedly sustained as a result of the negligent conduct of the defendants. After trial, the jury returned a verdict for plaintiff in the amount of $10,000, and the trial court entered judgment on the verdict. Plaintiff appeals, contending that (1) the verdict returned by the jury was against the manifest weight of the evidence and clearly inadequate, and (2) the trial court erred in admitting into evidence a statement contained in the emergency room record that plaintiff had a history of chronic back pain.

The record reveals that plaintiff filed suit on April 14, 1983, seeking recovery for personal injuries allegedly sustained in an automobile collision. The complaint asserted that plaintiff was injured on April 19, 1981, when the vehicle in which she was riding was struck from behind by a truck owned by defendant Lissner Corporation, Inc. (hereinafter Lissner Corp.), and operated by defendant Pelzer. The complaint asserted that Pelzer was liable for his negligent operation of the truck and that Lissner Corp. was vicariously liable for the acts of its agent under the doctrine of *respondeat superior*. The complaint requested damages as

compensation for plaintiff's personal injuries, medical expenses, and lost earnings.

In her answers to defendants' interrogatories, plaintiff stated that she had suffered soft tissue injuries to her neck and back and had been treated by Dr. Josephine Sobol. Plaintiff stated further that she had paid $520.48 in hospital expenses and $121.85 for medications, but the cost of her treatment by Dr. Sobol was unknown. Plaintiff denied that she had suffered any serious personal injury, been treated by a physician, been confined to a hospital, or received X rays during the five years immediately prior to the accident. Plaintiff also denied that she had suffered any personal injury or serious illness since the date of the accident. Plaintiff did not answer the defendants' interrogatory which requested the name of her employer, the dates on which she was unable to work, and the amount of her lost wages.

The pretrial memorandum filed by the plaintiff described her injuries as "soft tissue injury to neck—right cervico-thoracic spine muscle spasm—injury to lumbar sacral" and stated that she had paid $1,145 to Dr. Sobol for treatment and $43.10 for medication. These amounts were in addition to the medical expenses previously disclosed in plaintiff's answers to the defendants' interrogatories. The pretrial memorandum did not identify plaintiff's employer or specify the dates on which she was unable to work, but stated that the amount of her lost wages was "unknown at this time."

Plaintiff's answers to defendants' supplemental interrogatories stated that she had paid Dr. Sobol an additional $2,000 and had paid Dr. Sydney Morgenstern $200 for treatment. In response to defendants' supplemental interrogatory regarding lost earnings and time off from work, plaintiff stated only that she had none other than that previously noted in written and oral discovery.

Plaintiff's medical expenses disclosed prior to trial totalled $4,030.43.

Defendants retained Dr. Boone Brackett, M.D., as their expert witness, and he examined the plaintiff on May 25, 1989, eight years after the accident occurred. In the report of his examination, Dr. Brackett stated that he had considered, *inter alia*, the plaintiff's medical history, which included "some chronic back pain prior to the accident." Brackett concluded that he "could not say within the reasonable degree of medical and surgical [certainty] that this disc [syndrome] eight years later was caused by the accident."

Prior to trial, plaintiff filed a motion *in limine* seeking exclusion of a statement contained in the Northwest Hospital emergency room report. The statement sought to be excluded indicated that plaintiff had a

history of chronic back pain prior to the date of the accident. In her motion *in limine*, plaintiff asserted that she was a Polish national, spoke no English, had arrived in the United States only one week before the accident, and could not have made any admission or statements to the hospital staff. Plaintiff asserted further that she had not suffered any back injury or had chronic back pain before the accident, and neither she nor her daughter ever made such a statement to the hospital staff.

Although the record on appeal does not contain a written order disposing of plaintiff's pretrial motion, the trial court apparently denied plaintiff's motion *in limine* seeking exclusion of the statement contained in the emergency room report.

Defendants filed a motion *in limine* seeking to bar plaintiff from testifying as to her lost income and her inability to pay for medical treatment. The record does not, however, reflect the disposition of this motion.

The partial transcript which is included in the record on appeal reflects that at trial, plaintiff's daughter, Wanda Podgorski, testified that she went with her mother to the emergency room at Northwest Hospital the day after the accident. Ms. Podgorski stated that the nurse in the emergency room did not speak Polish, and, although Ms. Podgorski did not speak English fluently, she informed the nurse of her mother's name and address and indicated that her mother had been involved in an automobile accident. Ms. Podgorski denied that she gave the emergency room nurse a medical history of her mother and denied that she ever told a member of the Northwest Hospital staff that her mother had suffered a previous back injury or had a history of chronic back problems.

The partial transcript of plaintiff's testimony reflects plaintiff testified that she went to the hospital with her daughter the day after the accident. Plaintiff testified that she was able to understand only that the nurse wanted to know whether she had undergone an operation, and plaintiff answered that she had not. Plaintiff stated that she did not know what information the nurse had written down.

The portion of plaintiff's testimony which has been included in the record on appeal does not include any evidence of plaintiff's medical expenses or lost earnings, nor does it reflect any questioning as to a history of back pain or a prior injury. In addition, the transcript does not include any evidence of the pain and suffering caused plaintiff as a result of the accident.

Dr. Boone Brackett, called as an expert for defendants, testified at length as to plaintiff's physical condition at the time of his examination in April 1989. Brackett stated that plaintiff suffered from osteoarthritis of the spine and from spinal stenosis, which he described as a narrowing

at the fourth and fifth vertebrae, causing pressure on the fifth nerve root. Brackett testified that the osteoarthritis was not caused by trauma and that spinal stenosis was a degenerative disease, resulting from the normal aging process, and not a result of trauma. Brackett concluded that the plaintiff's condition was not caused by the accident in 1981. Brackett stated that he relied upon plaintiff's X rays, CT scan, MRI report, X ray report, and the Northwest Hospital emergency room report in forming his opinions.

In testifying as to the basis of his opinion, Dr. Brackett was asked by defense counsel to read to the jury the "history and assessment" portion of plaintiff's emergency room record, which included the statement that plaintiff had "a history of old lower back pain" and "chronic back pain." No objection was asserted by plaintiff when this evidence was introduced. Brackett testified further that doctors rely on medical records such as the plaintiff's emergency room record to make diagnoses and to treat their patients.

Among the instructions given to the jury was defendants' instruction number 12, which stated that the defendants admitted negligence but denied that any act or omission on their part was a proximate cause of the injuries claimed by the plaintiff.

The jury returned a verdict for plaintiff in the amount of $10,000.

Thereafter, plaintiff filed a motion seeking a new trial on the issue of damages only. Plaintiff's post-trial motion asserted that the jury's verdict was against the manifest weight of the evidence and was clearly erroneous. In support of this assertion, the motion listed specific amounts of plaintiff's medical expenses and lost earnings which plaintiff claimed were testified to at trial. The motion also asserted that it was error for the trial court to (1) deny plaintiff's motion *in limine*, (2) admit the emergency room record, and (3) deny plaintiff's motion, made at the close of all the evidence, to strike all references to the challenged statement contained in the emergency room record.

The medical expenses specified in plaintiff's post-trial motion totalled $5,283, and the lost earnings totalled $95,333.33.

Defendants opposed plaintiff's post-trial motion, asserting that the verdict was supported by the evidence and that the statement contained in the emergency room record was properly admitted.

We initially address plaintiff's claim that the verdict returned by the jury was against the manifest weight of the evidence or clearly inadequate.

■ The determination of appropriate damages is particularly within the province of the jury. (*Hollis v. R. Latoria Construction, Inc.* (1985), 108 Ill. 2d 401, 407, 485 N.E.2d 4; *Carter v. Indiana Harbor Belt R.R.*

*Co.* (1989), 190 Ill. App. 3d 1052, 1059, 547 N.E.2d 488.) A jury verdict is against the manifest weight of the evidence only where, upon viewing the evidence in a light most favorable to the party who prevailed, the opposite conclusion is clearly apparent or the jury's finding is palpably erroneous. (*York v. Stiefel* (1983), 99 Ill. 2d 312, 321, 458 N.E.2d 488; *Reid v. Sledge* (1992), 224 Ill. App. 3d 817, 820, 587 N.E.2d 1156.) A reviewing court will order a new trial only if the damages are manifestly inadequate, if it is clear that proved elements of damage have been ignored, or if the amount awarded bears no reasonable relationship to the loss suffered by the plaintiff. *Hollis,* 108 Ill. 2d at 407.

Plaintiff contends that the jury's verdict of $10,000 was manifestly inadequate, bore no reasonable relationship to the loss suffered by her, and did not include certain specific elements of damage which were established at trial. Yet, the abbreviated record before this court does not support plaintiff's claim.

■ The partial transcript of plaintiff's testimony does not include any evidence as to her medical expenses. The only information in the record as to this element of damage can be found in plaintiff's pretrial memorandum, in her answers to defendants' interrogatories and supplemental interrogatories, and in her post-trial motion. Plaintiff's medical expenses disclosed prior to trial totalled $4,030.43, and her post-trial motion indicated that she had presented evidence establishing medical expenses in the amount of $5,283. Considering this information in the light most favorable to the defendants, we hold that the jury's verdict of $10,000 cannot be characterized as inadequate to compensate plaintiff for her medical expenses or was against the manifest weight of the evidence.

Plaintiff also contends that the verdict was palpably erroneous because it ignored her damages for lost earnings and for pain and suffering. Initially, it must be noted that because plaintiff did not submit an itemized verdict form (Ill. Rev. Stat. 1991, ch. 110, par. 2—1109), there is no way to determine how the jury's award was allocated for each of the elements of damage claimed by the plaintiff.

Moreover, the record on appeal contains no evidence of any pain and suffering sustained as a result of the accident, nor does it include any evidence of the plaintiff's occupation, her usual rate of pay, or the specific dates on which she was unable to work as a result of the accident. The only indication of lost earnings can be found in the plaintiff's post-trial motion which asserts that she suffered a "loss of potential earnings 9/3/83 when she returned to work for 13 months" in the amount of $26,693.33 and a "loss of earnings since returning Poland [*sic*] to present" in the amount of $68,640.

The appellant bears the burden of providing the record on appeal which supports the relief requested. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) In the absence of such a record, a court of review must presume that the trial court's order was in accordance with the law and had a sufficient factual basis. (*Foutch*, 99 Ill. 2d at 392.) Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. (*Foutch*, 99 Ill. 2d at 392.) Thus, where the record does not include a report of the proceedings, where the judgment order states that the court found the additional fees to be reasonable, and where there is no indication to the contrary, it must be presumed that the evidence presented to the trial court supported the judgment. *Foutch*, 99 Ill. 2d at 392; *Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1066, 563 N.E.2d 977.

In the instant case, the record on appeal is inadequate to establish the damages sustained by plaintiff for pain and suffering or for lost earnings. Consequently, we must presume that the jury's verdict was supported by the evidence adduced at trial as to these elements of damage.

■ We next consider plaintiff's contention that the trial court erred in admitting into evidence the nurse's note in the emergency room record that plaintiff had a history of chronic back pain. Plaintiff's attack on the admission of this evidence seems to be predicated upon (1) lack of foundation to justify admission under the business records exception to the hearsay rule, and (2) the defendants' failure to complete the impeachment of plaintiff's denial that she had a history of chronic back pain. We find, however, that plaintiff's challenge of this evidence has been waived under either analysis.

The record reveals that plaintiff filed a motion *in limine* seeking to exclude the statement contained in the emergency room record, but her motion did not assert any legal grounds for excluding this evidence. Although plaintiff's motion *in limine* was apparently denied by the trial court, the record on appeal does not contain that ruling or the reasons for the denial.

A motion *in limine* is an interlocutory order and remains subject to reconsideration by the court throughout the trial. (*Reid*, 224 Ill. App. 3d at 822; *Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 1040, 522 N.E.2d 1341.) Consequently, a party whose motion *in limine* has been denied must object when the challenged evidence is presented at trial in order to preserve the issue for review, and the failure to raise such an objection constitutes a waiver of the issue on appeal. *People v. Pantoja* (1992), 231 Ill. App. 3d 351, 354, 596 N.E.2d 205;

*Reid*, 224 Ill. App. 3d at 822; *Romanek-Golub & Co.*, 168 Ill. App. 3d at 1040.

The record reveals that at the request of defense counsel, Dr. Brackett read to the jury the history and assessment portion of the emergency room record, including the statement that plaintiff had a history of chronic back pain. Plaintiff did not object to the introduction of this evidence and did not move to strike it until the close of all of the evidence. Thus, plaintiff's failure to object to the evidence which was the subject of her motion *in limine* constituted a waiver of the issue on review. *Pantoja*, 231 Ill. App. 3d at 354; *Reid*, 224 Ill. App. 3d at 822; *Romanek-Golub & Co.*, 168 Ill. App. 3d at 1040.

Plaintiff's motion for a new trial asserts that although an expert witness can rely on medical records in general (*Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, *cert. denied* (1981), 454 U.S. 836, 70 L. Ed. 2d 117, 102 S. Ct. 140), the presumption of reliability has been rebutted in this case where no witnesses testified that the entry in the emergency room record was true and where the plaintiff testified that it was untrue. This claim attacks the foundation laid by defendants to justify admission of the evidence under the business records exception to the hearsay rule. Admission of evidence under the business records exception is governed by Illinois Supreme Court Rule 236. (134 Ill. 2d R. 236.) Objection to the introduction of challenged evidence must be made at the time of admission or it will be treated as waived. (*Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 763, 279 N.E.2d 186.) The Illinois Supreme Court has clearly indicated that this type of challenge can be waived. (See *Wilson*, 84 Ill. 2d at 191-92.) Because plaintiff failed to raise any objection to the lack of foundation at the time Brackett read the statement to the jury, she has waived her right to raise this issue on appeal.

Moreover, we hold that plaintiff has waived her right to attack the admission of the statement based upon the defendants' failure to complete the impeachment of plaintiff. In *Gillespie v. Chrysler Motors Corp.* (1990), 135 Ill. 2d 363, 553 N.E.2d 291, the supreme court held that where evidence is admitted subject to later connection, and the proof of that evidence is never presented, the party that opposes it must both object to the lack of proof at the time the evidence is introduced and later renew that objection by making a timely motion to strike the evidence. (*Gillespie*, 135 Ill. 2d at 373.) In the instant case, plaintiff failed to object to introduction of the nurse's note contained in the emergency room record at the time that Brackett read it to the jury during his direct examination. Because plaintiff failed to object to this evidence at the time it was admitted, she waived her right to assert the issue on appeal. *Gillespie*, 135 Ill. 2d at 374.

We note further that any error in admitting the statement contained in the emergency room record can be considered harmless. We reach this conclusion based upon Brackett's testimony that plaintiff suffered from osteoarthritis and spinal stenosis, which were degenerative conditions and not the result of trauma, and where the record before this court contains no evidence that plaintiff did not suffer from these conditions or that, if she did suffer from them, they resulted from the trauma of the accident. See *Gillespie*, 135 Ill. 2d at 378-79.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.