# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Johnson v. Bailey*, 2012 IL App (3d) 110016

| | |
|---|---|
| Appellate Court Caption | YVONNE M. JOHNSON, Plaintiff-Appellant, v. CHARLES E. BAILEY, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-11-0016 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | February 9, 2012<br><br>March 29, 2012<br>March 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the entry of a judgment for defendant in an action arising from an automobile accident in the parking lot of a convenience store, the judgment was reversed and the cause was remanded where the trial court erred in admitting a postoccurrence photograph defendant took to show the layout of the parking lot and the traffic flow and in allowing testimony about plaintiff's prior back injury, since the photograph was misleading and lacked a proper foundation, and the testimony about plaintiff's prior injury was not supported by expert testimony connecting that injury to the accident at issue. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 08-L-1010; the Hon. James E. Garrison, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Scott Pyles (argued) and Michael J. Lichner, both of Rathbun, Cservenyak & Kozol, LLC, of Joliet, for appellant.

Marilynn Frangella, Mark S. Kawinski, and Jamie Shimer (argued), all of Febrizio, Hanson, Peyla & Kawinski, P.C., of Joliet, for appellee.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Justice Carter dissented, with opinion.

## OPINION

¶ 1      Plaintiff Yvonne Johnson brought this negligence action against defendant Charles Bailey to recover for personal injuries she alleged to have sustained as a result of an automobile accident in which she and Bailey were involved. The jury returned a verdict in favor of Bailey. Johnson appealed. We reverse and remand.

¶ 2                                  FACTS

¶ 3      Plaintiff Yvonne Johnson and defendant Charles Bailey were involved in an automobile accident in the parking lot of a Casey's General Store and gas station in Channahon. Johnson filed a negligence action against Bailey to recover for injuries she claims to have suffered in the accident. Bailey denied liability and asserted as an affirmative defense that Johnson caused the accident. Both parties were deposed. At Bailey's deposition, he used postoccurrence photographs of the parking lot that he had taken using his and his fiancée's vehicles as props. Johnson disclosed in her discovery deposition that she had injured her neck, head, shoulders and back in a 2005 slip and fall. She continued to see a chiropractor after she completed her treatment for routine adjustments. The same chiropractor treated her injuries from the instant accident.

¶ 4      Johnson served Bailey with a request to admit, asking Bailey to admit that her medical bills were charges for treatment "for conditions occurring as a result of the occurrence which is the subject of the Plaintiff's lawsuit" and that the medical charges for the treatment were fair and reasonable. Bailey admitted the statements concerning the reasonable cost of medical service and denied the statements admitting that Johnson's injuries resulted from their accident. His response was unsworn and signed only by defense counsel.

¶ 5      Prior to trial, Johnson filed a motion *in limine*, seeking to preclude Bailey's use of the postoccurrence photographs of the Casey's parking lot. At a hearing on her motion, Johnson argued that Bailey did not offer a proper foundation for the photographs during his deposition

and that they should not be used at trial without a proper foundation. The trial court found that Bailey could use the photographs subject to the establishment of a proper foundation. Johnson also moved to preclude evidence of any preexisting injuries she had and any opinion not disclosed per Illinois Supreme Court Rule 213. Ill. S. Ct. R. 213 (eff. Jan. 1, 2007). The motions were denied.

¶ 6        At trial, Johnson testified that she entered the Casey's gas station to buy gas. Because all the spots at the pumps were full, she decided to exit the lot. Bailey was stopped at a pump. She stated he moved forward from his pump and struck the driver's side of her vehicle as she drove past. She did not see Bailey's vehicle until it hit her car. During her testimony, Johnson relied on defense exhibit No. 5, one of the postoccurrence photographs taken by Bailey. Johnson said it was an accurate representation of the parking lot's layout, that the vehicles in the picture depicted the direction of the traffic flow, but that her vehicle was farther away from Bailey's truck than shown in the photograph. Johnson marked the exhibit to show where she recalled her vehicle was located prior to the accident and how she turned at the pumps to exit the lot prior to the collision. Johnson stated that she suffered a neck injury in the collision with Bailey. Johnson's treating chiropractor, Joann Maruszak, D.C., diagnosed her with a cervical strain, treated her for her injury and prescribed physical therapy. In Maruszak's opinion, Johnson suffered the neck injury in the collision with Bailey. She testified that there was no connection between Johnson's preexisting injuries and those sustained in the collision with Bailey.

¶ 7        Channahon police officer Kevin McRaven, who took a desk report concerning the accident, testified as Johnson's witness. McRaven's police report was used to help the officer recollect the incident. McRaven stated that Bailey told him that when he finished filling his vehicle with gas, he pulled forward and struck Johnson's vehicle in the driver's side door, damaging it. McRaven's report included an admission by Johnson that her back hurt after the accident from a preexisting injury. Prior to cross-examining McRaven, defense counsel argued in a sidebar that Johnson opened the door to the admission. The trial court allowed the officer to testify regarding Johnson's admission in Bailey's presentation of evidence, determining that it was admissible as an admission that Johnson was not injured in the collision and was not evidence of a preexisting injury.

¶ 8        Bailey testified. He said that he was moving forward from the pumps at the same time Johnson was driving through the lot. Both vehicles were proceeding westward when the accident took place. Bailey offered his opinions concerning the point of impact and damages to the vehicles based on his recollection of the accident. Bailey used as demonstrative evidence defense exhibits Nos. 4 and 5, the staged photographs he had taken of the accident site. He offered the photographs to depict the layout of the Casey's lot and the flow of traffic through the lot. Bailey testified that the photographs accurately reflected the layout at Casey's when the accident occurred. The photograph depicted his car as it was located just prior to the collision. The other vehicle in the photograph showed the way both vehicles were prior to the accident "as close as" Bailey could remember it. Johnson objected to the use of the photographs, arguing they were misleading and lacked foundation. The trial court found defense exhibit No. 4 misleading and denied its admission but admitted exhibit No. 5. Johnson moved for a mistrial, contending that defense exhibit No. 4 lacked a proper

foundation but had been shown to the jury. The trial court denied Johnson's motion.

¶ 9       Johnson also moved to deem facts admitted. She pointed to the unsigned and unsworn answers to her request to admit signed only by Bailey's attorney, which omission the trial court had brought to the parties' attention the previous day. Bailey moved to add a signature page to his response. His attorney argued that the signature page was not signed or submitted due to her inadvertence. Over Johnson's objection, the trial court allowed Bailey a time extension to submit a sworn signature page, which he immediately did. Following deliberations, the jury found in favor of Bailey and against Johnson. She appealed.

¶ 10                                   ANALYSIS

¶ 11       On appeal, Johnson argues that the trial court erred when it failed to bar Bailey's photographs depicting the gas station, to deem certain facts admitted, and to preclude testimony regarding Johnson's preexisting back injury.

¶ 12       We turn first to the issues Johnson raises regarding defense exhibits Nos. 4 and 5, photographs that Bailey took of the parking lot. Johnson argues that the photographs were improperly admitted, asserting that the photographs lacked a proper foundation and that Bailey failed to disclose his "expert" opinions regarding the scene in his Rule 213 responses.

¶ 13       Photographs are admissible if they have a reasonable tendency to prove or disprove a fact at issue but may be excluded when irrelevant or immaterial or if their prejudicial nature outweighs their probative value. *Boren v. The BOC Group, Inc.*, 385 Ill. App. 3d 248, 255 (2008). As demonstrative evidence, photographs should not be admitted if they are inaccurate or would mislead or confuse the jury. *Boren*, 385 Ill. App. 3d at 256 (citing *Barry v. Owens-Corning Fiberglas Corp.*, 282 Ill. App. 3d 199, 202 (1996)). Before a photograph may be admitted, a proper foundation must be offered establishing: (1) the photo is a true and accurate representation of what it purports to portray; and (2) the subject of the photo was in substantially the same condition it was in at the time of the accident. *Reid v. Sledge*, 224 Ill. App. 3d 817, 821 (1992). We review the admission of photographs for an abuse of discretion. *Reid*, 224 Ill. App. 3d at 821.

¶ 14       Johnson argued in support of her motion *in limine* that because Bailey was unable to definitively testify at his deposition to the location of Johnson's vehicle prior to the accident, the photographs did not accurately depict the parking lot and Bailey could not lay a proper foundation for their admission. At trial, Johnson used the photographs in her case-in-chief, stating that defense exhibit No. 5 accurately depicted the Casey's lot but did not accurately depict where her car was located. She marked the photograph to show the location of her car and the path she took through the parking lot. According to Johnson, the location of her vehicle was approximately two feet farther from the second prop vehicle depicted in Bailey's photographs. Bailey stated at trial that the photographs were offered to demonstrate the layout of the gas station and the flow of traffic through the lot and that they accurately reflected the layout of the parking lot the day of the accident. In staging the photographs, he placed his vehicle in the position it was located prior to the accident. To Bailey's best recollection, the vehicles as depicted in defense exhibit No. 4 were in "substantially similar" positions as they were prior to the accident. However, Bailey admitted that he did not know

the exact location of Johnson's car and that the photograph did not accurately depict its position. In defense exhibit No. 5, he used his fiancée's vehicle as a "prop" to demonstrate the "relationship in the parking lot to the traffic flow." In the photograph, he placed the vehicles in the same positions they were in immediately before the accident as close as he could remember it.

¶ 15    The trial court denied admission of defense exhibit No. 4, finding it misleading, but allowed the admission of defense exhibit No. 5. We find that defense exhibit No. 5 should also have been precluded because it lacked an adequate foundation and was also misleading. Bailey was able to establish that the photograph was a true and accurate depiction of the layout of the Casey's lot but he could not state that the second vehicle was in the same position it was in on the day of the accident. Accordingly, the foundation was incomplete and the photograph should not have been admitted. Moreover, although Bailey argued at trial that both photographs were offered to show the layout of the lot and its traffic flow, the photographs depicted more than layout and traffic flow. The photographs also showed two vehicles, the first of which was Bailey's truck that was involved in the accident and undisputedly properly located in the exhibit. However, the location of the second vehicle, which was positioned in the area of the lot where Johnson's car was located prior to the accident, did not truly and accurately demonstrate its actual position. Bailey testified he did not know exactly where Johnson's vehicle was positioned and stated it could have been a couple of feet farther away from where the second car was placed in the photograph.

¶ 16    In *J.L. Simmons Co. v. Firestone Tire & Rubber Co.*, 126 Ill. App. 3d 859, 866 (1984), the reviewing court considered admission of a photograph of the location where the plaintiff was injured. The photograph showed the location in a considerably different state than when the injury occurred. *J.L. Simmons Co.*, 126 Ill. App. 3d at 866. The *J.L. Simmons* court found that the photograph was likely to mislead the jury, even after the difference in appearance was explained to the jury. *J.L. Simmons Co.*, 126 Ill. App. 3d at 866. Because the photograph did not accurately portray the location at the time of the accident, its probative value was outweighed by the prejudice to the plaintiff by representing the scene favorably to the defendant. *J.L. Simmons Co.*, 126 Ill. App. 3d at 866. Similarly, the failure to adequately represent the location of the second vehicle as depicted in Bailey's photographs prejudiced Johnson. The prejudice resulted even though Johnson had a chance to demonstrate on the photographs where she believed her vehicle was located prior to the accident. At trial, one of the disputed issues involved liability, the determination of which hinged, in part, on the location of the vehicles. Because Bailey's photographs did not accurately depict the position of both vehicles prior to the accident, they were likely to mislead the jury. Defense exhibit No. 5 should not have been admitted and its admission prejudiced Johnson. We find the trial court abused its discretion when it allowed it into evidence.

¶ 17    We next consider whether the trial court erred in allowing testimony regarding Johnson's preexisting back injury. Johnson argues that the trial court erred in allowing the investigating police officer to testify to statements she made after the accident that her back hurt, but it was the result of a prior injury. She contends that it was improper to allow the testimony without requiring an expert to connect the prior injury to the claims at issue.

¶ 18    Evidence of a prior injury is admissible when relevant to negate causation, negate or

reduce damages or to impeach a witness. *Voykin v. Estate of DeBoer*, 192 Ill. 2d 49, 57 (2000). A prior injury is relevant to causation when it makes it less likely that the defendant's actions caused any of the plaintiff's injuries. *Voykin*, 192 Ill. 2d at 58. A prior injury is relevant to damages to establish that the defendant is liable for only a portion or aggravation of plaintiff's injuries. *Voykin*, 192 Ill. 2d at 58. Expert testimony on causation may be necessary to connect the prior injury with the injury at issue. *Voykin*, 192 Ill. 2d at 59. The admission of evidence is within the trial court's discretion and will not be reversed absent an abuse of that discretion. *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 296 (2002).

¶ 19    In her motion *in limine*, Johnson sought to preclude evidence that she had any preexisting injuries, arguing that Bailey did not disclose that an expert would testify and connect the prior injury with the injury she sustained in the accident with Bailey. The trial court denied the motion pending the testimony of Johnson's treating chiropractor. When the chiropractor testified, she stated that the cervical strain for which she treated Johnson was not connected to any of Johnson's prior injuries, including a back injury, but was caused by the accident with Bailey. The chiropractor was questioned outside the jury's presence and reiterated that although she had treated Johnson since 2000 for neck and back pain, the injuries Johnson suffered from the accident were not connected to her prior injuries. The trial court held that evidence regarding Johnson's prior injuries was inadmissible.

¶ 20    During cross-examination, Johnson asked McRaven, the investigating officer, about admissions Bailey made that his vehicle struck hers as reflected in his police report. Bailey's attorney then attempted to cross-examine McRaven as to a statement made by Johnson that her back hurt but it was due to a prior injury, which was also reflected in the police report. Johnson objected, and following sidebar arguments, the trial court determined that Johnson's statement constituted an admission that was admissible during Bailey's presentation of evidence. The trial court considered that Johnson's statements concerned whether she was injured in the accident, not whether she had a preexisting injury. The trial court further considered that because Johnson did not claim a back injury resulted from the accident at issue, the admission did not constitute evidence of a preexisting injury. McRaven subsequently testified as a defense witness and stated that Johnson said, "her back hurt but it was from a preexisting injury."

¶ 21    We find that the officer's testimony regarding Johnson's statement about her preexisting back injury should have been precluded. While both the chiropractor and the trial court distinguished Johnson's back pain from her cervical strain, she testified that shortly after the accident she experienced "pain and tension" in her neck, back, and head. We do not consider the distinction between Johnson's prior back injury and the injury she suffered in the accident with Bailey such that the jury could discern between them without the help of an expert. *Voykin*, 192 Ill. 2d at 59 ("if a defendant wishes to introduce evidence that the plaintiff has suffered a prior injury, whether to the 'same part of the body' or not, the defendant must introduce expert evidence demonstrating why the prior injury is relevant to causation, damages, or some other issue of consequence"). Bailey did not offer any expert testimony connecting the injuries. As such, the trial court erred when it allowed McRaven to testify regarding Johnson's prior back injury. We find that this error, along with the erroneous

admission of defense exhibit No. 5, requires a new trial. Based on this disposition, we need not discuss the other issues Johnson raises on appeal.

¶ 22    For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded.

¶ 23    Reversed and remanded.

¶ 24    JUSTICE CARTER, dissenting:

¶ 25    I respectfully disagree with the majority's conclusion in the present case. Unlike the majority, I would find that the trial court properly admitted the photograph of the Casey's lot (defense exhibit No. 5) into evidence at trial. As the majority correctly notes, a trial court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion. *Troyan v. Reyes*, 367 Ill. App. 3d 729, 732-33 (2006). An abuse of discretion occurs when no reasonable person would take the view adopted by the trial court. *In re Leona W.*, 228 Ill. 2d 439, 460 (2008).

¶ 26    In the instant case, the photograph was admitted to show the set up of the gas station lot and the traffic flow through the lot. The photograph was true and accurate for that purpose. The fact that defendant could not testify whether one of the vehicles located in the photograph was in the position of plaintiff's vehicle at the time of the accident was a matter that went to the weight of the evidence and not to the admissibility of the evidence. In my opinion, the trial court did not commit an abuse of discretion in ruling upon this issue. See *Leona W.*, 228 Ill. 2d at 460.

¶ 27    Having reached that conclusion, I would find that the remaining arguments raised by plaintiff on appeal are moot because they pertain to the issue of damages, an issue that was never reached by the jury.

¶ 28    For the reasons stated, I respectfully dissent from the majority's order. I would affirm the judgment of the trial court.