(No. 69372.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FREDDIE GONZALEZ, Appellee.

*Opinion filed February 22, 1991.*

484

Neil F. Hartigan, Attorney General, of Springfield, and Cecil A. Partee, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Inge Fryklund, Walter P. Hehner and Renee Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Ronald P. Alwin, Assistant Defender, of counsel, and Caroline J. Smith, law student), for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, the defendant, Freddie Gonzalez, was convicted of robbery and aggravated battery, violations of sections 18—1 and 12—4(b)(8), respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—4(b)(8), 18—1). The defendant was sentenced to concurrent terms of 4½ years' imprisonment for the offenses. The appellate court, with one justice dissenting, reversed the defendant's convictions and remanded the cause for a new trial. (188 Ill. App. 3d 559.) We allowed the State's petition for leave to appeal (107 Ill. 2d R. 315(a)) and now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

Before trial, the defendant made an oral motion *in limine* to exclude any testimony suggesting his involvement with street gangs. The trial judge ruled that such evidence would be admissible for the limited purpose of showing the circumstances leading to the defendant's identification as the offender and his subsequent arrest.

At trial, the victim, 17-year-old Jose Asia, testified that during the afternoon of September 4, 1986, he was riding his bicycle in the vicinity of 3100 West Belden in Chicago when he noticed a group of boys nearby. The victim knew that the youths were members of the Spanish Cobra street gang because he had previously lived in the neighborhood and on other occasions had heard them shout gang slogans to passers-by. The victim also testified that the youths were gathered in front of the gang's

headquarters, a burned-out building that had the gang's symbols painted on it.

The victim was a short distance from the other youths when the defendant, who approached from behind, grabbed the handlebars of the bicycle. The defendant declared, "This is my bike," and threatened to hit the victim if he did not surrender the bicycle. When the victim failed to comply, the defendant punched the victim in the left eye and on the forehead. The defendant then took the bicycle and left. At trial, the victim estimated that his confrontation with the defendant lasted about one minute; he did not recall testifying at the preliminary hearing that the confrontation lasted 5 to 10 minutes.

The victim notified the police and provided a description of the age, height, weight, and clothing of the assailant, a male Hispanic. The victim also told police that he believed that the offender was a member of the Spanish Cobra street gang. The next day at the police station, the victim identified the defendant from an album containing photographs of 75 to 100 Spanish Cobra gang members.

The defendant was taken into custody several days later by police officer Daniel Noon, a gang crime investigator. Officer Noon testified that the defendant, at the time of his arrest, asked whether the officer was " 'looking for me for that robbery where I took that kid's bike[?]' " In subsequent questioning, the defendant again admitted to Noon that he had taken the victim's bicycle. The defendant said that he kept the bicycle for several days and then gave it to a member of another street gang. The defendant denied striking the victim. Officer Noon testified that he made a summary of the defendant's admissions but did not take a formal statement from the defendant.

At trial, the defendant challenged the reliability of the victim's identification of him as the offender. In support of that contention, the defendant presented the parties' stipulation that a court reporter would testify that during the preliminary hearing the victim described the confrontation as lasting 5 or 10 minutes. The defendant also presented the testimony of a police officer that the victim was hysterical following the confrontation and that the officer did not believe that the victim had told him the hair color and eye color of the offender.

The jury found the defendant guilty of robbery and aggravated battery, and the defendant appealed. A divided appellate court reversed the defendant's convictions and remanded the cause for a new trial. (188 Ill. App. 3d 559.) The majority determined that the evidence of street-gang activity was irrelevant and, furthermore, that certain comments about gangs made by the prosecutor in closing argument denied the defendant a fair trial. The dissenting justice believed that the evidence of gang affiliation was correctly admitted for its limited purpose, and that any error in the prosecution's closing argument was harmless in light of the overwhelming evidence of the defendant's guilt. 188 Ill. App. 3d at 568-69 (Quinlan, J., dissenting).

We first consider whether the gang-related evidence was properly admitted for the limited purpose of showing the circumstances surrounding the victim's identification of the defendant, and the defendant's eventual arrest. Evidence is admissible if it is relevant to an issue in dispute and its probative value is not substantially outweighed by its prejudicial effect. (*People v. Eyler* (1989), 133 Ill. 2d 173, 218; *People v. Monroe* (1977), 66 Ill. 2d 317, 322; see also *People v. Hairston* (1970), 46 Ill. 2d 348, 372 (evidence of gang affiliation may be admissible if relevant).) Relevant evidence is defined as evidence having any tendency to make the existence of a fact that

is of consequence to the determination of the action more or less probable than it would be without the evidence. *Eyler*, 133 Ill. 2d at 217; *Monroe*, 66 Ill. 2d at 322.

At trial, the reliability of the victim's identification of the defendant as the offender was the central issue in the case. The accuracy of the victim's description of the assailant and the incident was certainly of consequence to this determination. To the extent that the gang-related evidence strengthened the victim's identification testimony, the evidence was relevant. See *People v. Washington* (1984), 127 Ill. App. 3d 365 (evidence of gang membership relevant as probative of the defendant's identification); *People v. McMurray* (1972), 6 Ill. App. 3d 129, 134 (same).

The challenged evidence was also relevant as part of the narrative describing the events leading to the defendant's identification and arrest. (See *People v. Johnson* (1986), 114 Ill. 2d 170, 194; *People v. Walls* (1965), 33 Ill. 2d 394, 397; *People v. Marose* (1957), 10 Ill. 2d 340, 343.) In light of the victim's description of his assailant and the incident, the police produced a book containing photographs of Spanish Cobra gang members, from which the victim positively identified the defendant as his attacker. In this way the police narrowed the search for the offender. Within four days of the incident, Officer Noon, a gang crime investigator, was able to locate and arrest the defendant, who then confessed to having taken the victim's bicycle. The gang-related evidence was relevant to the jury's consideration of the steps in the investigation, and of the circumstances culminating in the defendant's arrest as the offender.

The defendant further asserts that whatever probative value the evidence had was outweighed by its prejudicial effect. In support of this contention, the defendant notes the widespread disapproval that exists toward

street gangs. (See *People v. Parrott* (1976), 40 Ill. App. 3d 328, 331.) Although it is true that gangs are regarded with considerable disfavor, gang-related evidence will not necessarily be excluded if it is otherwise relevant and admissible. (*People v. Hairston* (1970), 46 Ill. 2d 348, 372; *People v. Anderson* (1987), 153 Ill. App. 3d 542, 549-50; *People v. Jackson* (1986), 145 Ill. App. 3d 626, 641.) As the appellate court has noted, "An accused may not insulate the trier of fact from his gang membership where it is relevant to a determination of the case, simply because prejudice attaches to that revelation." *People v. Rivera* (1986), 145 Ill. App. 3d 609, 618.

It is the function of the trial court to weigh the probative value and prejudicial effect of evidence in determining whether it should be admitted. (*Eyler*, 133 Ill. 2d at 218; *People v. Shum* (1988), 117 Ill. 2d 317, 353; *People v. Greer* (1980), 79 Ill. 2d 103, 117.) In the present case, the trial judge acknowledged the potential prejudicial effect the evidence might have. The judge apparently believed, however, that the defendant's concerns were overstated. For example, the judge considered that the police book containing photographs of Spanish Cobra gang members was "a most fair identification book." The judge also noted that excluding evidence that the book contained only photographs of gang members could lead the jury to believe that the victim identified the defendant from a police book containing photographs of individuals with prior arrests. Emphasizing the balancing process involved, the judge determined that the gang-related evidence was admissible for the purpose of showing "the procedures and circumstances leading to the arrest and identification of the defendant, not for any other purposes, not for showing he is a bad person or something."

Evidentiary rulings of this nature will not be overturned on appeal unless a clear abuse of discretion is

shown. (*People v. Shum* (1987), 117 Ill. 2d 317, 353; *Greer*, 79 Ill. 2d at 117.) Here, the trial judge carefully balanced the probative value of the evidence against the prejudice it might engender and determined that the evidence was admissible. Under the circumstances presented in this case, we cannot say that the court abused its discretion.

We next consider whether certain portions of the prosecutor's closing argument denied the defendant a fair trial. The appellate court, having determined that the gang-related evidence was improperly admitted, found additional error in several comments relating to the evidence made by the prosecutor during his closing argument. Before this court, the defendant contends that the prosecutor's remarks afford an additional ground for granting him a new trial. The State asserts that the challenged comments were either based on properly admitted evidence or invited by defense counsel's own argument to the jury.

In closing argument, the following exchange took place:

"[Assistant State's Attorney]: He gives the police a description, a physical description, a clothing description and he tells him, I think he belongs or I think he is a Spanish Cobra. And he explains to you why he made that statement.

Here's a young man who grew up in the neighborhood, who spent his summer there because that is where all his friends are and he knows about this particular group, the Spanish Cobras, and again use your common sense. These kids that live in the neighborhood where these groups hang out know about these groups. They know what they do, what they represent and the signs they use and the graffiti and the hassle they put up with every day.

[Defense Attorney]: Objection, Judge.

THE COURT: That is sustained. The last comment, the hassle they put up with every day, the jury is instructed to disregard that."

We find that these were proper comments on the evidence of the victim's familiarity with the neighborhood and the Spanish Cobra gang, information that had assisted in narrowing the search for the offender. Furthermore, we do not consider that the defendant could have been prejudiced by the brief reference to "hassle," assuming that the remark was error, for the trial judge sustained defense counsel's objection and admonished the jury to disregard the comment. Such action is normally sufficient to cure an error in argument to the jury. See *People v. Baptist* (1979), 76 Ill. 2d 19, 30.

The appellate court found error in several additional comments, to which the defendant did not object at trial. The prosecutor remarked to the jury, "We don't live in a vacuum in this city. You know what happens in the streets of the city." He also stated that the police investigator, Officer Noon, "knew he had this information that this person may have been a Spanish Cobra and lo and behold, he is a Spanish Cobra. He was picked out of the book. He is brought in and he admits to it."

The defendant's failure to make a contemporaneous objection to these comments would generally operate as a waiver of any error in relation to them (*People v. Harris* (1989), 132 Ill. 2d 366, 386), unless the comments were so improper that they constituted plain error (107 Ill. 2d R. 615(a); see *People v. Carlson* (1980), 79 Ill. 2d 564, 576-78). We do not believe that the prosecutor's ambiguous reference to "what happens in the streets of the city" was so inflammatory that it denied the defendant a fair trial. (See *People v. Albanese* (1984), 104 Ill. 2d 504, 518.) The prosecutor's remark concerning the description and subsequent identification of the defendant as a Spanish Cobra gang member was not error, for it was

based on properly admitted evidence and was used for the purpose for which the evidence was admitted.

Finally, the prosecutor made several remarks in closing argument that emphasized the victim's courage in testifying against the defendant. The comments are as follows:

"[Assistant State's Attorney]: Counsel has just got through telling you it is not a gang case. Well, let me tell you this. It took a lot of guts for Jose to get on that stand and face this man and say he did—

[Defense Attorney]: Objection, Judge.

THE COURT: Sustained.

\* \* \*

[Assistant State's Attorney]: Why would [the defendant] say that to the police officers that he has committed this robbery. Maybe he didn't think Jose, Asia would be here. Maybe he didn't think he would testify.

[Defense Attorney]: Objection, Judge.

THE COURT: Sustained.

\* \* \*

[Assistant State's Attorney]: Based on the overwhelming evidence in this case, the fact that Jose had the guts to come in here and testify.

[Defense Attorney]: Objection, Judge.

THE COURT: That is sustained."

The defendant argues that the comments on the victim's courage in testifying improperly suggested that gangs often attempt to intimidate witnesses. The State asserts that the comments were invited by defense counsel's own argument that the prosecution was attempting to "shift over and say this is a gang case" and was suggesting that "[m]aybe [the jury] should convict the defendant because he may be a member of a gang." In addition, defense counsel argued in closing that the defendant denied making inculpatory statements to the police and that it was for the jury to determine if the police officer testified truthfully about the defendant's two

admissions. The State contends that defense counsel's remarks invited the prosecutor to comment in rebuttal that the defendant made the inculpatory statements because he thought that the victim would not testify against him.

We agree with the defendant that it would be improper for the prosecutor to take advantage of the admission of evidence by ostensibly offering it for a limited purpose and, once it was admitted, making impermissible use of it in closing argument. (See *People v. Hunter* (1984), 124 Ill. App. 3d 516; *People v. Buckner* (1984), 121 Ill. App. 3d 391.) Here, the prosecutor's comments on the victim's courage in testifying might have led the jury to consider the gang-related evidence for a purpose beyond that for which it was admitted. The trial judge's rulings on the objections to the prosecutor's remarks clearly expressed the court's view that the remarks were improper and should not be continued. Although prosecutorial indifference to the admonitions of the trial court must be discouraged, that task is generally accomplished through avenues other than the present appeal. (See *United States v. Hasting* (1983), 461 U.S. 499, 76 L. Ed. 2d 96, 103 S. Ct. 1974.) The question before us here is whether the alleged errors denied the defendant a fair trial.

The record in this case demonstrates that the prosecutor's comments on the victim's courage in testifying did not deny the defendant a fair trial. The trial judge sustained the defendant's objections to the comments and ruled that the references were improper. It is well established that "although the prejudicial effect of an improper argument cannot always be erased from the minds of the jurors by an admonishment from the court [citation], the act of promptly sustaining the objection and instructing the jury to disregard such argument has usually been viewed as sufficient to cure any prejudice.

[Citations.]" *People v. Baptist* (1979), 76 Ill. 2d 19, 30. See also *People v. Lucas* (1989), 132 Ill. 2d, 399, 437-38.

Moreover, in the present case the trial judge expressly stated the view that his rulings on the defendant's objections were sufficient to cure the alleged error. When the issue was raised in the defendant's post-trial motion, the trial judge explained that his rulings sustaining the objections were made in such a way that "the jury clearly got the message that they were to disregard [the comments]." The judge also stated that he could not "imagine that this jury would be influenced by the closing arguments in light of the evidence in this particular case." Because the trial court is generally in a better position than a court of review to determine the prejudicial effect, if any, of comments made during closing argument, its ruling will be upheld absent a clear abuse of discretion. See *People v. Smothers* (1973), 55 Ill. 2d 172, 176; see also *People v. Weathers* (1975), 62 Ill. 2d 114, 121 (Ryan, J., dissenting).

The evidence of the defendant's guilt in the present case was overwhelming. The victim's identification of the defendant was clear and unequivocal; the defendant made an unprompted admission when he was arrested, and he later gave the police an additional statement admitting that he had taken the victim's bicycle. In addition, the jury was instructed that statements made in closing argument do not constitute evidence. On this record, we do not believe that any of the alleged errors in the prosecutor's argument could have denied the defendant a fair trial. See *People v. Turner* (1989), 128 Ill. 2d 540, 564; *People v. Collins* (1985), 106 Ill. 2d 237, 276.

For the reasons stated, the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*