THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RENE R. PANTOJA, Defendant-Appellant.

Second District    No. 2—90—1340

Opinion filed July 9, 1992.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva, and Michael L. Shevick, of Chicago (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Rene Pantoja, was convicted of criminal damage to property in violation of section 21—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a)). He was sentenced to six months' imprisonment in the Kane County jail and 30 months' probation and ordered to pay restitution. Defendant appeals, contending that the trial judge erred in denying his motion *in limine* to exclude testimony of his gang membership. We affirm.

On April 26, 1990, Elgin police officers Scott Davis and Dan Radmer were called to an area across from Gifford Park in Elgin, Illinois. They observed 15 to 20 people standing on the street and drinking beer. Defendant was one of the group. The officers dispersed the group and some of them, including defendant, went across the street to Gifford Park.

The officers left the area, but then drove around the block to watch the remaining group at the park. The officers observed some of the individuals throwing objects at the streetlights and breaking them. Officer Davis testified that defendant and two other people standing with him damaged four lights. Five other lights were broken by a second group of individuals at the opposite end of the park.

Defendant and the others were arrested and taken to the Elgin police station. Officer Davis testified that defendant stated that he was the head of the Latin Kings street gang, they had buried one of their own that day and he asked to be given a break. Defendant was subsequently charged with criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a)).

Before trial, defense counsel made a motion *in limine* to exclude defendant's statement made to Officer Davis concerning his gang affiliation. Defendant argued that evidence of gang involvement was irrelevant in the case and would be highly prejudicial. The trial judge denied the motion, finding that defendant made a voluntary statement, a spontaneous declaration. The trial judge stated that each part of the declaration was admissible, even if it contained elements that might be prejudicial.

At trial, after defendant's statement was revealed by Officer Davis, defense counsel elicited detailed testimony from both officers on cross-examination relating to defendant's gang activities. Defense counsel asked both officers if they were patrolling the park because of fear of gang activity following the funeral of a gang member. The trial judge had ruled before trial that evidence as to why the police

were watching the park was to be excluded pursuant to defendant's motion *in limine*.

The jury found defendant guilty of damaging the streetlights. Defendant's post-trial motions were denied, and he was sentenced to six months' imprisonment in the Kane County jail and 30 months' probation and ordered to pay restitution. Defendant thereafter filed a timely appeal.

Defendant contends that the trial court erred in denying his motion *in limine*. He argues that evidence of gang membership was irrelevant to the charge at hand. Also, the evidence was highly prejudicial because it put defendant in an unfavorable light in the jurors' minds. Defendant further argues that the error was exacerbated by the officers' testimony concerning their prior contact with defendant and his witnesses. Defendant requests that we vacate his conviction and remand the cause for a new trial.

The State argues that defendant's statement about gang membership was relevant to show his motive to commit the offense and consciousness of guilt. The State also argues that the officers' testimony concerning prior contact with the defendant was relevant for purposes of identification. Alternatively, the State argues that defense counsel was responsible for eliciting most of the detailed gang-related testimony.

■ Motions *in limine* are encouraged in criminal cases to exclude extraneous matters. (*People v. Watkins* (1991), 220 Ill. App. 3d 201, 211.) A motion *in limine* is used in an attempt to protect the moving party from the prejudicial impact of inadmissible evidence being asked and objected to in the presence of the jury. (*Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 549; *Cunningham v. Millers General Insurance Co.* (1992), 227 Ill. App. 3d 201, 205.) A reviewing court will not reverse the trial court's ruling on a motion *in limine* absent an abuse of discretion. *People v. Poole* (1991), 222 Ill. App. 3d 689, 701.

■ Once a motion *in limine* is granted, the movant must object when evidence is presented that violates the order. (*Cunningham*, 227 Ill. App. 3d at 206.) Further, the denial of a motion *in limine* does not preserve an objection to disputed evidence presented later at trial. The moving party is obligated to object when the evidence is offered or the objection will be waived. *Cunningham*, 227 Ill. App. 3d at 206; *Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 1040.

■ We agree with the waiver rule discussed in both *Cunningham*, a fourth district case, and *Romanek-Golub*, a first district case. The

movant whose motion *in limine* has been denied should object when that evidence is presented at trial so as to preserve the issue on appeal. We are aware that waiver does not apply when the defendant initiates testimony, which was the subject of the motion *in limine*, to reduce its prejudicial impact. (See *People v. Spates* (1979), 77 Ill. 2d 193, 198-200.) However, the policy promoted by that rule does not apply here. Here, the State elicited defendant's statement about gang membership from Officer Davis as part of its case in chief, and defendant did not object. Following the above rationale, we hold that defendant's failure to object to the evidence that was the subject of the motion *in limine* resulted in waiver.

Absent waiver, we hold that the trial court did not abuse its discretion in denying defendant's motion *in limine*. We agree with defendant that consciousness of guilt need not be proven by a statement that included portions detailing gang affiliation. Defendant's statement could have been edited to delete the gang references and would have remained viable as a statement showing consciousness of guilt.

However, we agree with the State that defendant's statement is relevant to show motive for the crime. Evidence of gang membership is relevant to show motive. (*People v. Buchanan* (1991), 211 Ill. App. 3d 305, 320.) Defendant had been to the funeral of a gang member earlier in the day. Defendant was with other gang members at the time of the offense. The gang members had been drinking in public and mourning their lost member. The surrounding circumstances demonstrate that defendant's motive for general lawlessness at the time of the incident was gang related.

Further, relevant evidence is admissible if it is more probative than prejudicial. (*People v. Gonzalez* (1991), 142 Ill. 2d 481, 487, citing *People v. Hairston* (1970), 46 Ill. 2d 348, 372.) Relevant evidence concerning gang membership will not be excluded simply because prejudice attaches to that revelation. (*Gonzalez*, 142 Ill. 2d at 489.) It is the trial court's function to weigh the probative value and prejudicial effect of evidence to determine whether it should be admitted. *Gonzalez*, 142 Ill. 2d at 489.

We find that the trial court did not err in finding the evidence more probative than prejudicial. The trial court acknowledged the prejudicial impact the statement might have to the jury. Such recognition demonstrates a balancing of factors by the trial court which we believe was not an abuse of discretion.

■ Finally, defendant argues that prejudice was exacerbated by both officers' testimony concerning prior contacts with defendant.

Defendant claims in his post-trial motion that he objected to this testimony at trial, but our reading of the record reflects no such objection. To preserve an issue for review defendant must make a timely objection at trial *and* renew the objection in a written post-trial motion. (*People v. Herrett* (1990), 137 Ill. 2d 195, 209.) Because defendant failed to object to the officers' testimony relating to prior contact with defendant, we find this issue has been waived.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.