THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DANIEL HOLMAN *et al.*, Defendants-Appellees.

Second District    No. 2—92—0574

Opinion filed February 25, 1994.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Charles C. Jackson, Clarence Pollard, and Elizabeth Skalitsky, all of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Defendants, William R. Shumate, Danny McCarthy and Daniel E. Holman, were arrested and charged with the offense of residential picketing (Ill. Rev. Stat. 1991, ch. 38, par. 21.1—2 (now 720 ILCS 5/21.1—2 (West 1992))). Defendants filed a motion *in limine* seeking to bar evidence of previous incidents of picketing by the same defendants. The trial court granted the motion *in limine*. The State filed a certificate of impairment (134 Ill. 2d R. 604(a)(1)) and appeals the order granting the motion *in limine*.

The amended information in this case charged the defendants with residential picketing in that they "picketed before or about the residence located at 2722 Spring Creek Road, Rockford, Illinois, a residence not used as a business, not the residence of any of the defendants and not a place holding a meeting or assembly on premises commonly used to discuss subjects of general public interest."

Defendants filed a motion *in limine* seeking to bar the State from presenting evidence and testimony of prior incidents of residential picketing by the defendants. The State argued that evidence of the frequency of picketing was relevant as such evidence tended to prove that the defendants were "focusing" on that particular residence. On the other hand, the defendants argued that the frequency of picketing was not relevant, relying on *Frisby v. Schultz* (1988), 487 U.S. 474, 101 L. Ed. 2d 420, 108 S. Ct. 2495. Both the State and the defendants argue that *Frisby* is supportive of their respective positions.

In *Frisby*, the United States Supreme Court upheld a local ordinance that made it unlawful for persons to engage in picketing before or about any residence or dwelling of an individual. After determining that residential streets are public fora, that the ordinance was "content-neutral," and that the ordinance left open ample "alternative channels of communication," the Court turned to the question of whether the ordinance was narrowly tailored to serve a significant governmental interest.

The Court held that, because of the great interest the State has in protecting residential privacy, the ordinance was not facially invalid under the Constitution since the ban on picketing was a limited one, *i.e.*, only focused picketing taking place solely in front of a particular residence was prohibited. The Court specifically noted, however, that "[g]eneral marching through residential neighborhoods, or even walking a route in front of an entire block of houses, is not prohibited by this ordinance." *Frisby*, 487 U.S. at 483, 101 L. Ed. 2d at 431, 108 S. Ct. at 2502.

While no doubt the opinion in *Frisby* will provide guidance in the final determination of the case at bar, it is of little use in determining

whether the motion *in limine* here was properly granted. The opinion in *Frisby* does not address the issue raised here, namely, whether evidence of other incidents of picketing in the same location is relevant to the incident charged. The "focus" dealt with in *Frisby* had to do with picketing in front of a particular residence as opposed to passing in front of that residence as part of a general route. However, the real issue to be addressed here is whether the evidence of other incidents of picketing was properly the subject of a motion *in limine*.

Motions *in limine* are encouraged in criminal cases to exclude extraneous matters. (*People v. Pantoja* (1992), 231 Ill. App. 3d 351, 353.) A motion *in limine* is used in an attempt to protect the moving party from the prejudicial impact of inadmissible evidence being asked and objected to in the presence of the jury. (*Pantoja*, 231 Ill. App. 3d at 353.) A motion *in limine* is addressed to the trial court's inherent power to admit or exclude evidence. (*People v. Escobar* (1988), 168 Ill. App. 3d 30, 43.) If the rules of evidence do not require the exclusion of the disputed material, then the trial judge must deny the motion. (*Escobar*, 168 Ill. App. 3d at 43.) If the material should be excluded, however, the trial judge has the discretion either to grant or deny the motion. (*Escobar*, 168 Ill. App. 3d at 43.) A reviewing court will not reverse the trial court's ruling on a motion *in limine* absent an abuse of discretion. *Pantoja*, 231 Ill. App. 3d at 353.

The State argues that the trial court found that the evidence of other incidents of picketing was relevant but chose to exclude such evidence based upon a public policy argument. In allowing the State to appeal from the granting of the motion *in limine*, the trial court stated:

> "Is this being excluded because of its truthfulness, reliability or relevance, or is it being kept out because it's based on some public policy forbidding the use of that evidence. I think actually we're closer to a public policy case. I don't think I'm excluding it because it's not relevant. It does have some degree of relevancy. It's a balancing test. I think public policy says its too prejudicial."

Relevant evidence is defined as evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. (*People v. Gonzalez* (1991), 142 Ill. 2d 481, 487-88.) Evidence is admissible if relevant to an issue in dispute and its probative value is not substantially outweighed by its prejudicial effect. *Gonzalez*, 142 Ill. 2d at 487.

The defendants in this case are charged with violating the following statute:

"It is unlawful to picket before or about the residence or dwelling of any person, except when the residence or dwelling is used as a place of business." Ill. Rev. Stat. 1991, ch. 38, par. 21.1—2 (now ILCS 5/21.1—2 (West 1992)).

We are of the opinion that evidence of other incidents of picketing is of little or no probative value here. In construing a similar ordinance in *Frisby*, the Court pointed out that walking a route before an entire block of houses was not prohibited by the ordinance. Even though the facts in *Frisby* indicated that the picketing had taken place on six different occasions, the Court did not include the number of times the picketing had occurred as a factor to consider. Moreover, as we previously stated, the "focus" issue as discussed in *Frisby* is not concerned with the number of occasions, but rather whether on a particular day and time the picketing "focused" on a particular residence. To introduce other incidents of picketing would be not only irrelevant but extremely prejudicial as it might encourage a jury to convict not on the incident charged but as the result of the cumulative effect of all of the incidents of picketing, *i.e.*, the very "focus" argument we reject here.

We conclude, therefore, that the evidence of other incidents of picketing was not relevant and that the trial court did not abuse its discretion in granting the motion *in limine*.

The judgment of the circuit court of Winnebago County is affirmed, and this cause is remanded for further proceedings.

Affirmed and remanded.

INGLIS, P.J., and COLWELL, J., concur.