NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220870-U

NO. 4-22-0870

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 15, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| SAMMIE L. LOGAN, | ) | No. 21CF769 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Kevin W. Lyons, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The State's evidence was sufficient to prove beyond a reasonable doubt defendant
committed unlawful possession of a weapon by a felon, the trial court did not
abuse its discretion by denying defendant's motion for a mistrial, and defendant
failed to establish plain error or ineffective assistance of counsel with his other
claims.

¶ 2    In January 2022, a grand jury indicted defendant, Sammie L. Logan, on one count

of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West Supp. 2021)) and

one count of possession of a firearm without a valid Firearm Owners Identification (FOID) card

(430 ILCS 65/2(a)(1) (West Supp. 2021)).  After a June 2022 trial on only the unlawful

possession of a weapon by a felon charge, a jury found defendant guilty.  Defendant filed a

motion for a new trial.  At a joint August 2022 hearing, the Peoria County circuit court denied

defendant's posttrial motion and sentenced him to eight years' imprisonment.  Defendant filed a

motion to reconsider his sentence, which the court denied.

¶ 3	Defendant appeals, contending (1) the State's evidence was insufficient to prove him guilty beyond a reasonable doubt of unlawful possession of weapon by a felon, (2) the trial court erred by failing to grant a mistrial, (3) he was deprived of a fair trial due to cumulative errors, and (4) the court erred in fashioning defendant's sentence because it misunderstood the sentencing range.  We affirm.

¶ 4	I. BACKGROUND

¶ 5	The unlawful possession of a weapon by a felon indictment alleged that, on September 11, 2021, defendant knowingly had in his possession a handgun, which is a firearm, and had previously been convicted of the forcible felony of residential burglary in Peoria County case No. 10-CF-927.  At a June 2022 trial on the aforementioned charge, the State presented the testimony of Peoria police officers Brendan Raschert and Clay Blum.  Additionally, the State presented the body camera footage from Officer Raschert and five photographs taken by Officer Blum.

¶ 6	Officer Raschert testified that, on September 11, 2021, at around 9:30 p.m., he was on patrol in the area of Madison and Monroe Streets in Peoria, Illinois.  At that time, he observed a sport utility vehicle commit a traffic violation.  When Officer Raschert attempted to pull the vehicle over, it stopped in front of the residence at 1315 Northeast Madison Street, and the front seat passenger exited the vehicle and began walking towards the front porch of the residence.  The passenger was a male, wearing jeans and a white shirt and carrying a black bag wrapped around his shoulder.  Officer Raschert told the passenger to come back and explained to Sherelle Winters, the driver of the vehicle, the reason for the traffic stop.  In the courtroom, Officer Raschert identified defendant as the passenger who exited the vehicle.  When defendant returned to the vehicle, he was no longer carrying a black bag.  Officer Raschert obtained

defendant's driver's license from him.  Defendant noted the home where the vehicle stopped belonged to a relative.  Thereafter, Officer Raschert directed other officers to stand with defendant while he went to see what was on the porch.

¶ 7 On the porch, Officer Raschert observed the same black bag that had been wrapped around defendant's shoulder.  When he looked inside the black bag, Officer Raschert observed a firearm.  At that time, he called for the crime scene unit to photograph and process the firearm.  Officer Blum was the crime scene unit officer who arrived at the scene.  Officer Raschert was wearing a body camera that night, and the footage was admitted into evidence and played for the jury.  Defendant denied the black bag belonged to him.

¶ 8 On December 25, 2021, Officer Raschert encountered defendant and had a brief conversation with him.  Defendant brought up the September 11 incident.  When the prosecutor first asked Officer Raschert what defendant stated about the September 11 incident, defense counsel raised a foundation objection.  Officer Raschert testified to where the conversation took place and the time of the conversation.  The prosecutor again asked Officer Raschert what defendant stated about the September 11 incident, and Officer Raschert testified defendant told him, "he was going to be doing 10 to 15 years in prison."  Defense counsel objected, and a sidebar took place.  The trial court denied defense counsel's motion for a mistrial and admonished the jury as follows:

> "It just so happens that in getting to a trial, there are always contacts that occur from time to time, and I want you to understand this one.  This witness, this police officer, has given testimony about a contact that was made with the Defendant at a time a couple of months after this alleged event.
>
> During that subsequent event, the officer has testified that the Defendant

initiated a conversation and made remarks or statements that were not a part of any interrogation or interview voluntarily, and at some point, the officer said that the Defendant remarked and gave his own thoughts about going to prison for something, but there is nothing about that portion of his remarks, if they were made, that apply to this case or, in fact, to any known case.

If the Defendant made any remarks about a sentence of prison or probation or anything else, for that matter, you are not to consider those words as anything more than his own words and if they were—if you believe that they were said and they were his words. And if they were made, there would be no way to determine anyway if they were made with an intent to persuade or dissuade or encourage or discourage anyone, including the listener, from doing or not doing something.

So inasmuch as the State may be asking the witness about unsolicited words that the Defendant may have spoken or not on December 25, 2021, you may consider his words about ownership of a bag or a gun, but anything related to a sentence about this case or some other case or even a made-up case have nothing to do with whether the Defendant is guilty or not guilty of unlawful possession of a weapon by a felon in this case and should simply be disregarded, period."

After the admonition, Officer Raschert testified that, on December 25, 2021, defendant made an unsolicited comment about the gun in the bag. On cross-examination, Officer Raschert testified defendant never said he owned the gun.

¶ 9 Officer Blum testified he worked for the crime scene unit and his main responsibilities were to photograph, collect, and preserve evidence. On September 11, 2021, at

around 9 p.m., he was called to a residence in the 1300 block of Northeast Madison Street. Officer Raschert directed him to a black bag on the porch. Officer Blum took photographs of the contents of the black bag, which contained only a firearm. The trial court admitted five of the photographs. The firearm was located in the front pouch of the bag. Officer Blum also testified that, when he collected the firearm, the magazine was inserted into it. He further explained one cartridge was in the chamber, and the magazine had eight cartridges. The firearm was a Smith and Wesson semi-automatic 9-millimeter pistol. Officer Blum tested the firearm for fingerprints, but none were found. Officer Blum explained the area around the grip of a firearm where a person generally holds it is textured in such a way that fingerprints are not left in a discernible ridge pattern. Officer Blum also swabbed the firearm for possible deoxyribonucleic acid, but the swab was never tested.

¶ 10       The parties stipulated defendant was a convicted felon on September 11, 2021. Defendant did not present any evidence. After hearing the parties' arguments, the jury found defendant guilty of unlawful possession of a weapon by a felon. Defendant filed a motion for a new trial in which he argued (1) the State did not prove him guilty beyond a reasonable doubt, (2) he did not receive a fair trial, (3) he was denied due process of law, and (4) the trial court erred in denying his motion for a mistrial because the court's curative instruction was insufficient to address the improper testimony. At a joint August 2022 hearing, the court first denied defendant's posttrial motion. It then addressed sentencing. Both the prosecutor's and defense counsel's arguments were based on defendant being subject to a minimum sentence of seven years. The State asked the court to sentence defendant with "the statutory range of 7 to 14." Defense counsel asked the court to sentence defendant "below the seven year suggested minimum." The court sentenced defendant to eight years' imprisonment for unlawful possession

of a weapon by a felon.  Defendant filed a timely motion to reconsider his sentence, contending his sentence was unduly harsh and the court should have departed from the general sentencing guidelines.  At the conclusion of an August 22, 2022, hearing, the court denied defendant's motion to reconsider his sentence.

¶ 11　　　　On October 18, 2022, defendant filed a timely motion for leave to file a late notice of appeal in this court, which we granted.  Defendant's late notice of appeal complied with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021).  Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 12　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　　　　　　　A. Sufficiency of the Evidence

¶ 14　　　　On appeal, defendant first contends the State's evidence was insufficient to prove beyond a reasonable doubt he committed the offense of unlawful possession of a weapon by a felon.  Our supreme court has set forth the following standard of review for insufficiency of the evidence claims:

> "It is well settled that, when reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (Emphasis omitted.)  [Citation.]  All reasonable inferences from the evidence must be drawn in favor of the prosecution.  [Citation.]  This court will not reverse the trial court's judgment unless the evidence is so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of the defendant's guilt."  (Internal quotation marks omitted.)  *People v. Cline*, 2022 IL 126383, ¶ 25, 193 N.E.3d 1220.

¶ 15    To sustain a conviction for unlawful possession of a weapon by a felon, the State must prove defendant (1) knowingly possessed a weapon and (2) had a prior felony conviction. See 720 ILCS 5/24-1.1(a) (West Supp. 20210); see also *People v. Brown*, 327 Ill. App. 3d 816, 824, 764 N.E.2d 562, 570 (2002). Here, the parties stipulated to defendant's felony conviction. Thus, only possession of the firearm was at issue in this case.

¶ 16    Possession of a firearm may be actual or constructive. *Brown*, 327 Ill. App. 3d at 824, 764 N.E.2d at 570. "Actual possession is proved by testimony which shows that defendant has exercised some dominion over the [contraband]. [Citation.] The act of dominion may be that defendant had the [contraband] on his body, that he tried to conceal it, [or] that he was seen throwing it away." (Internal quotation marks omitted.) *People v. Anderson*, 2018 IL App (4th) 160037, ¶ 31, 102 N.E.3d 260. However, mere proximity to the contraband is insufficient to prove actual possession. *Anderson*, 2018 IL App (4th) 160037, ¶ 31. The State may establish constructive possession by showing the defendant (1) had knowledge of the presence of the weapon and (2) "exercised immediate and exclusive control over the area where the weapon was found." *Brown*, 327 Ill. App. 3d at 824, 764 N.E.2d at 570. Knowledge of the existence of a firearm may be inferred from circumstantial evidence. *Brown*, 327 Ill. App. 3d at 824-25, 764 N.E.2d at 570. Further, "[c]ontrol may be shown by evidence that defendant had the intent and capability to maintain control and dominion over the handgun, even if he lacked personal present dominion over it." *Anderson*, 2018 IL App (4th) 160037, ¶ 32.

¶ 17    Defendant contends no evidence was presented defendant had actual possession of the firearm and the State failed to prove constructive possession. The State argues its evidence proved actual possession. We agree with the State.

¶ 18    Officer Raschert testified he saw the front seat passenger, whom he identified in the courtroom as defendant, exit the vehicle and start walking to the front porch of the residence. Officer Raschert testified defendant was "wearing jeans and a white shirt with a black bag wrapped around his shoulder." He told defendant to come back, and defendant eventually came back to the vehicle without the black bag. Officer Raschert directed other officers to stand with defendant, and he went up on the porch. There, Officer Raschert observed the same black bag that had been wrapped around defendant's shoulder laying on the porch. He looked inside the bag and observed a firearm. While it was dark outside, Officer Raschert could see defendant's clothing and the black bag because he was using his flashlight and the overhead emergency lights on his squad car illuminated the area. Officer Raschert did not observe anyone else on the porch.

¶ 19    Our supreme court has consistently recognized a conviction may be founded solely on circumstantial evidence. *Anderson*, 2018 IL App (4th) 160037, ¶ 36. Based on the evidence presented at trial in this case, a rational trier of fact could have reasonably concluded defendant, a convicted felon, had knowledge of the firearm in the black bag and exercised dominion over it. Defendant exercised dominion by having the firearm concealed in the black bag on his person and then discarding the bag on the front porch. On the facts before it, the jury was entitled to infer defendant knowingly carried the firearm, given he discarded the black bag before returning to the vehicle where Officer Raschert was standing. Thus, we find the evidence was sufficient to support the conclusion defendant had actual possession of the handgun recovered from the black bag.

¶ 20    This case is distinguishable from *People v. Macias*, 299 Ill. App. 3d 480, 481, 701 N.E.2d 212, 214 (1998), where the reviewing court found the State's evidence was insufficient to

prove the defendant guilty beyond a reasonable doubt of possession of a controlled substance with intent to deliver and unlawful use of a weapon by a felon. There, no evidence was presented the police officer ever saw the defendant in the bedroom where the narcotics, along with two guns, were recovered, or ever saw the defendant in the apartment where the bedroom was located. *Macias*, 299 Ill. App. 3d at 482, 487, 701 N.E.2d at 214, 217. Here, Officer Raschert observed defendant with the black bag containing the firearm before defendant went on the porch. He also did not observe anyone else on the porch.

¶ 21 Accordingly, we find the State's evidence was sufficient to prove defendant guilty beyond a reasonable doubt of unlawful possession of weapon by a felon.

¶ 22 B. Mistrial

¶ 23 Defendant also contends the trial court erred by failing to grant his motion for a mistrial based on the State eliciting a statement made by defendant about this case during an unrelated arrest. The State asserts the court's denial of the motion for a mistrial was not erroneous.

¶ 24 The standard of review for a trial court's denial of a motion for a mistrial is abuse of discretion. *People v. McDonald*, 322 Ill. App. 3d 244, 250, 749 N.E.2d 1066, 1071 (2001). "A trial court abuses its discretion only when its decision is arbitrary, fanciful, or unreasonable or when no reasonable person would take the trial court's view." (Internal quotation marks omitted.) *People v. Price*, 2021 IL App (4th) 190043, ¶ 111, 193 N.E.3d 320. A court should only declare a mistrial, if some occurrence at trial was of such a character and magnitude, it deprived the party seeking the mistrial a fair trial. *People v. Foster*, 394 Ill. App. 3d 163, 166, 915 N.E.2d 448, 451 (2009).

¶ 25        Here, defense counsel moved for a mistrial after Officer Raschert testified defendant told him "he was going to be doing 10 to 15 years in prison" for the incident at issue in this case. On appeal, defendant argues the aforementioned statement is irrelevant and suggests defendant had committed another criminal offense. However, in the trial court, defense counsel clearly did not raise an objection to the testimony based on other-crimes evidence. In fact, defense counsel did not object to the initial testimony about defendant coming in contact with Officer Raschert in December 2021. Trial counsel also did not object to the later testimony about defendant making an unsolicited comment in December 2021 about the gun in the bag. "Objections on grounds different from those specifically urged in the trial court will not be considered in the appellate court." *People v. Goble*, 41 Ill. App. 3d 491, 500, 354 N.E.2d 108, 115 (1976). A specific objection to evidence, based solely on a particular point, forfeits objections on all other points not specified or relied on. *Goble*, 41 Ill. App. 3d at 500, 354 N.E.2d at 116. "A party who seeks to exclude a piece of evidence should be explicit, and disclose to the trial court all defects in the proposed proof which he expects to urge upon this court in the event of an appeal." *Goble*, 41 Ill. App. 3d at 500, 354 N.E.2d at 116. As such, we will disregard defendant's arguments related to other-crimes evidence.

¶ 26        The State notes the trial court gave an instruction addressing the statement defendant made regarding a potential sentence in this case. The court instructed the jury, among other things, "anything related to a sentence about this case or some other case or even a made-up case have nothing to do with whether the Defendant is guilty or not guilty of unlawful possession of a weapon by a felon in this case and should simply be disregarded, period." A proper limiting instruction is generally sufficient to cure prejudice because juries are presumed to follow a trial court's instructions. *People v. Boston*, 2018 IL App (1st) 140369, ¶ 75, 148 N.E.3d

- 10 -

664.  Here, the court informed the jury the comment about a potential sentence in this case should be disregarded, which addressed defendant's complaint about irrelevancy.  As such, we presume the jury disregarded the comment that was the basis for the motion for a mistrial.  Accordingly, defendant has not demonstrated he was denied a fair trial, and we find the trial court did not abuse its discretion by denying defendant's motion for a mistrial.

¶ 27                                    C. Other Trial Errors

¶ 28           Defendant further asserts the trial court erred by (1) failing to properly instruct the jury on the subsequent alleged statement about the gun in the bag and (2) admitting irrelevant evidence of the firearm being loaded and operable.  Defendant admits these issues were not preserved for review but asserts his trial counsel was ineffective for failing to preserve the claims for review or, alternatively, this court should review the claims under the plain-error doctrine (Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)).  The State asserts defendant cannot establish prejudice.

¶ 29           This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999).  To obtain reversal under *Strickland*, a defendant must prove (1) counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant.  *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64.

¶ 30           The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that
> the error alone threatened to tip the scales of justice against the defendant,
> regardless of the seriousness of the error, or (2) a clear or obvious error occurred

- 11 -

and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

¶ 31    With a plain-error analysis, the reviewing court first determines whether any error occurred at all. *Sargent*, 239 Ill. 2d at 189, 940 N.E.2d at 1059. If error did occur, this court then considers whether either of the two prongs of the plain-error doctrine has been satisfied. *Sargent*, 239 Ill. 2d at 189-90, 940 N.E.2d at 1059. Under both prongs, the defendant bears the burden of persuasion. *Sargent*, 239 Ill. 2d at 190, 940 N.E.2d at 1059.

¶ 32                                        1. *Jury Instruction*

¶ 33    Defendant asserts the State's Instruction No. 10 was erroneous. That instruction stated the following:

> "You have before you evidence that the defendant made a statement relating to the offense charged in the indictment. It is for you to determine what weight should be given to the statement. In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made."

Illinois Pattern Jury Instructions, Criminal, No. 3.06-3.07 (approved Oct. 17, 2014) (hereinafter IPI Criminal No. 3.06-3.07) states the following:

> "You have before you evidence that [(the) (a)] defendant made [a] statement[s] relating to the offense[s] charged in the [(indictment) (information) (complaint)]. It is for you to determine [*whether the defendant made the statement[s], and, if so,*] what weight should be given to the statement[s]. In

- 12 -

determining the weight to be given to a statement, you should consider all of the circumstances under which it was made." (Emphasis added.)

The Committee Note for IPI Criminal No. 3.06-3.07 states, "The bracketed phrase in the second sentence should be deleted only when the defendant admits making all the material statements attributed to him." As defendant notes, the State's Instruction No. 10 is missing the phrase "whether the defendant made the statement[s], and if so." Defendant did not admit to making the December 2021 statement to Officer Raschert. The State concedes the instruction was erroneous due to this missing phrase. However, it asserts defendant cannot establish prejudice or plain error. We agree.

¶ 34    As the State notes, the trial court's instruction during the testimony about defendant's statements to Officer Raschert indicated to the jurors they had the discretion to believe whether defendant said what Officer Raschert testified he said. Thus, the jury essentially received the missing part of the instruction during the brief trial. Moreover, the evidence of defendant's possession of the firearm was not weak, as defendant asserts. Officer Raschert testified defendant possessed the black bag before going onto the porch and did not possess it when he returned to the vehicle. The only contrary evidence was defendant's self-serving statement to Officer Raschert denying ownership of the bag and gun. As such, we find defendant failed to establish ineffective assistance of counsel and/or plain error.

¶ 35                                    2. *Firearm*

¶ 36    Defendant also contends the trial court erred by admitting testimony the gun was loaded and operable. Defendant contends such testimony was irrelevant because section 24-1.1(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/24-1.1(a) (West Supp. 2021)) does not require the firearm to be loaded or operational.

¶ 37        "Relevant evidence is defined as evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *People v. Gonzalez*, 142 Ill. 2d 481, 487-88, 568 N.E.2d 864, 867 (1991). The determination of whether evidence is relevant and admissible rests within the trial court's discretion, and this court will not reverse such a determination unless the trial court abuses that discretion. *People v. Turner*, 373 Ill. App. 3d 121, 124, 866 N.E.2d 1215, 1218 (2007).

¶ 38        Here, defendant denied possession of the black bag and the gun. He was the last person seen on the front porch where the black bag containing the gun was found. A reasonable person could find the fact the gun was loaded and operational made it more likely the bag belonged to defendant since he was the last person on the porch. One would presume for safety reasons a loaded and operational gun would not be left on the porch unattended. As such, we disagree with defendant the evidence was irrelevant and do not find error in the admission of the testimony the gun was loaded and operational.

¶ 39                    D. Sentencing

¶ 40        Defendant last asserts both plain error and ineffective assistance of trial counsel based on the trial court's application of the incorrect sentencing provision both parties argued applied in defendant's case. The State agrees the court applied the incorrect sentencing provision but asserts a new sentencing hearing is not warranted.

¶ 41        A violation of section 24-1.1(a) of the Criminal Code (720 ILCS 5/24-1.1(a) (West Supp. 2021)) committed by "a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years, except as provided for in Section 5-4.5-110 of

the Unified Code of Corrections [(Unified Code)]." 720 ILCS 5/24-1.1(e) (West Supp. 2021). Section 5-4.5-110(c)(1) of the Unified Code (730 ILCS 5/5-4.5-110(c)(1) (West 2020)) provides for a 7 to 14 year sentencing range for unlawful possession of a weapon by a felon. However, section 5-4.5-110(d) of the Unified Code (730 ILCS 5/5-4.5-110(d) (West 2020)) does allow for a departure from that range after the consideration of enumerated factors. The sentencing guidelines contained in section 5-4.5-110 of the Unified Code (730 ILCS 5/5-4.5-110 (West 2020) (text of section effective July 1, 2021)) apply when the person (1) committed the offense on or after January 1, 2018, and before January 1, 2024; (2) was convicted of unlawful use or possession of a weapon by a felon or aggravated unlawful use of a weapon; (3) possessed a firearm during the offense; *and* (4) had been previously convicted of a qualifying predicate offense. 730 ILCS 5/5-4.5-110(b) (West 2020). Section 5-4.5-110(a) of the Unified Code (730 ILCS 5/5-4.5-110(a) (West 2020)) lists the qualifying predicate offenses, and residential burglary is not contained in the list. Thus, we agree with the parties the sentencing guidelines contained in section 5-4.5-110 do not apply to defendant. As such, the proper sentencing range was 3 to 14 years' imprisonment, rather than 7 to 14 years.

¶ 42 We decline to apply the plain-error doctrine to the sentencing range error because defense counsel, like the State, indicated the provisions of section 5-4.5-110 applied to defendant. "[A]n accused may not ask the trial court to proceed in a certain manner and then contend in a court of review that the order which he obtained was in error." *People v. Lowe*, 153 Ill. 2d 195, 199, 606 N.E.2d 1167, 1169 (1992); see also *People v. Davis*, 319 Ill. App. 3d 572, 574, 746 N.E.2d 758, 761 (2001) (declining to apply the plain-error doctrine where the defendant induced the trial court to make the error he sought to challenge on appeal). As such, we are left with defendant's ineffective assistance of counsel claim.

¶ 43    To establish ineffective assistance of counsel during sentencing, a defendant must show (1) counsel's performance fell below minimal professional standards and (2) a reasonable probability exists the defendant's sentence was affected. *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 88, 129 N.E.3d 755. Given trial counsel failed to set forth the correct sentencing range, our focus is on the prejudice prong. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. "Failure to satisfy either prong negates a claim of ineffective assistance of counsel." *Hibbler*, 2019 IL App (4th) 160897, ¶ 88.

¶ 44    Defendant contends, if his trial counsel had set forth the correct sentencing range, the trial court would have given him a sentence lower than eight years' imprisonment. Defendant points out the court stated defendant's crime was not the most serious of offenses and it saw no justification for a long sentence. The State notes the court's comments suggest it believed a midpoint sentence within the correct sentencing range was appropriate.

¶ 45    While the trial court noted defendant's offense was not the worst case of misconduct or criminal behavior, it also found defendant's offense was "really not good." The court expressly declined to go below the minimum sentence and noted it would not go anywhere toward the maximum sentence. With the unique provisions of section 5-4.5-110, the court had the ability to impose a sentence between three to six years' imprisonment, despite its improper understanding the minimum sentence of seven years' imprisonment set forth in section 5-4.5-110(c)(1). Even with that ability, the court chose to sentence defendant to a prison term of eight years. Thus, we find defendant has failed to prove the prejudice prong because the erroneous minimum sentence did not affect the sentence imposed by the trial court.

¶ 46                           III. CONCLUSION

¶ 47        For the reasons stated, we affirm the Peoria County circuit court's judgment.

¶ 48        Affirmed.